Jack Clayton KIRK, Appellant,

v.

The STATE of Texas, Appellee.

No. 7014.

Court of Civil Appeals of Texas, El Paso.

Jan. 7, 1981.

J. Roderick Price, Odessa, for appellant.

Mark White, Atty. Gen. of Texas, John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., David F. Bragg, Roy O. Smithers, John Steven Dwyre, Asst. Attys. Gen., Austin, for appellee.

## OPINION

WARD, Justice.

Jack Clayton Kirk appeals from an interlocutory order appointing a receiver of his assets in this action brought by the State of Texas pursuant to the Texas Securities Act, Article 581–1, et seq., Tex.Rev.Civ.Stat. Ann. We affirm the order.

The State brought this action at the request of the Texas Securities Commissioner to enjoin the sale of unregistered securities and to enjoin certain deceptive trade practices which were alleged to have been made by Jack Clayton Kirk, Robert "Bob" Anderson and J–K Investment Co., Inc. The State complained of a sales presentation made by the individual parties to many people in the Midland-Odessa area where they were induced to invest their money under the terms of certain lease agreements between the investor and J–K Investment Co., Inc. After hearing the State's request for the temporary injunction and for the receivership, the Court entered an order temporarily enjoining the three Defendants from promoting, issuing, selling or offering to sell the securities, and an additional order appointing a receiver to take possession of all assets of Jack Clayton Kirk and J–K Investment Co., Inc. No appeal has been made from the granting of the temporary injunction, and only Jack Clayton Kirk appeals from the order appointing the receiver.

■ The Appellant's first three points complain of the appointment of the receiver over his assets by attacking the evidentiary basis for the Court's three findings that he was acting as a "dealer" as defined by the Texas Securities Act; that a substantial portion of his business consisted of him acting as such a dealer; and that there existed any fraud justifying the appointment.

Article 581–25–1 of the Securities Act now grants to the Commissioner the power to request the Attorney General to bring an action for the appointment of a receiver when proof of certain conditions are met. Thus, the proof must show that (1) a substantial portion of a person's business consists of his acting as a "dealer" and the course of that business must be deemed a fraudulent practice within the meaning of Section 32 of the Act; (2) the person must have acted as a dealer in connection with the fraudulent practice; and (3) there must be a need for the preservation of the assets of the person for whom a receivership is sought. See Article 581–25–1 A, Tex.Rev. Civ.Stat.Ann.; 6 Tex.Tech.L.Rev. 951 at 1013 (1975).

The definition of "dealer" is found in Article 581–4 C:

The term 'dealer' shall include every person or company, other than a salesman, who engages in this state, either for all or part of his or its time, directly or through an agent, in selling, offering for sale or delivery or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for, or rendering services as an investment adviser, or dealing in any other manner in any security or securities within this state.

The definition of "salesman" is found in Subsection D of the same Article. The Appellant argues that he was not a dealer as defined by the Act, that the dealer in this case was the Defendant J–K Investment Co., Inc., and that the evidence established that the Appellant was only a salesman under the Act and, as such, it cannot be claimed that he was a dealer. *Rio Grande Oil Co. v. State*, 539 S.W.2d 917 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

There was no dispute but that the lease agreements were securities. None of the three Defendants were registered in the State to sell securities, and no securities sold by J–K Investment Co., Inc., had been registered with the State Securities Board. All of the lease agreements were executed under the name of J–K Investment Co., Inc. Appellant introduced himself as the President and sole owner of the Defendant J–K Investment Co., Inc., and, as such, gave various sales presentations to individuals in the Midland-Odessa area. Some of the lease agreements introduced into evidence

identified J–K Investment Co., Inc., as a Delaware corporation and others as a Texas corporation. It was shown that the Texas Secretary of State possessed no record that J–K Investment Co., Inc., had been issued a "Certificate of Incorporation" or a "Certificate of Authority to do Business in Texas." Although the Appellant claimed that the company was a Texas corporation, there was also an admission that it had not been incorporated but would be incorporated in the future. The Appellant and Robert Anderson, when called to testify by the State, refused to answer any questions based upon their Fifth Amendment rights and presented no evidence. We hold that the trial Court was justified in making the presumed finding that J–K Investment Co., Inc., was not incorporated, and was merely an assumed name for the Appellant. The conclusion follows that the securities were issued by the Appellant as a principal in his own behalf. The first point is overruled.

■ The Appellant admitted to a Department of Public Safety intelligence officer that he had collected approximately $850,-000.00 by entering into some 340 to 350 lease agreements with investors in the Midland-Odessa area. The record further indicates that the only business done by J–K Investment Co., Inc., or by the Appellant was that of selling these contracts. Under the record as made, the second point is overruled as a substantial portion of the Appellant's business consisted of acting as a dealer.

■ The third complaint regarding no evidence of fraudulent conduct sufficient to justify the appointment of a receiver is likewise overruled. Before a dealer's assets can be placed in receivership, the dealer must have engaged in an act, transaction, practice or course of business declared by Section 32 of the Act to be a fraudulent practice. "Fraud" and "fraudulent practice" are defined in Article 581–4 F and include "an intentional failure to disclose a material fact." In this connection, the Appellant told investors that two individuals were in charge of the parent investment company in California and that they were high caliber businessmen. These two individuals ultimately received a substantial portion of each investor's money. Appellant admitted to the investigating officer that both individuals had felony criminal convictions, that he knew of the convictions and that he never imparted this information to his investors. We hold that this was an intentional failure to disclose a material fact. The information was material as there was a substantial likelihood that a reasonable investor would have considered it important in deciding whether or not to invest. Each investor witness who testified agreed to such importance. The "fraud or fraudulent practice" requirement was met. See *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438 at 449 and 450, 96 S.Ct. 2126 at 2132 and 2133, 48 L.Ed.2d 757 (1976).

■ Appellant's fourth point of error contends that the trial Court abused its discretion in appointing the receiver as he was directed to take possession of property and assets of the Appellant even if located without the State of Texas. It was within the trial Court's discretion to order the receiver to take charge of extraterritorial property. The trial Court merely assumed that the receiver would meet the requirements of any foreign jurisdiction as to any ancillary proceedings. The point is overruled.

■ By his final point, the Appellant complains that the order appointing the receiver was overbroad in that it directed the receiver to take possession of any and all property even if only claimed by or controlled by the Appellant. We have reviewed the order and the point is overruled. We fail to see where the Appellant is harmed.

The order of the trial Court creating the receivership over the Appellant's assets is affirmed.