Kenneth E. GOSS, Petitioner,

v.

CLUTCH EXCHANGE, INC., a Colorado corporation and Sturgeon Systems, Inc., a Colorado corporation, Respondents.

No. 83SC324.

Supreme Court of Colorado, En Banc.

June 10, 1985.

Rehearing Denied July 1, 1985.

Gorsuch, Kirgis, Campbell, Walker & Grover, Robert J. Kapelke, Denver, for petitioner.

Kelly/Haglund/Garnsey & Kahn, Edwin S. Kahn, Ann B. Frick, Denver, for respondents.

ERICKSON, Chief Justice.

We granted certiorari to review jury instructions defining a "material fact" within the context of section 11–51–125(1) of the Colorado Securities Act. The court of ap-

peals held that a factual omission or misrepresentation is material within the meaning of section 11–51–125(1) if it is such that a reasonable investor "might" consider it important in making an investment decision. *Goss v. Clutch Exchange, Inc.*, 677 P.2d 355 (Colo.App.1983). We conclude that, although the case was correctly remanded to the district court for a new trial with directions as to the instructions that were to be given to the jury, the court of appeals adopted an incorrect standard of materiality as applied to omissions and misrepresentations arising in connection with transactions governed by the Colorado Securities Act. Accordingly, we affirm the court of appeals' reversal of the district court's judgment and remand with directions.

## I.

On September 8, 1978, Kenneth E. Goss instituted a civil action against Sturgeon Systems, Inc. and Clutch Exchange, Inc. (the defendants), based upon a securities transaction involving the sale of Clutch Exchange's stock. Clutch Exchange had been experiencing long-standing financial difficulties and, on May 17, 1977, a contract was executed in which Goss agreed to sell his majority stock interest in the corporation to Sturgeon Systems for $127,000. Under the agreement, Goss was to receive a $10,000 down payment and annual installment payments amounting to $80,000 from Sturgeon Systems, and additional payments amounting to $37,000 under a five-year consulting contract with Clutch Exchange. In his complaint, Goss alleged that Sturgeon Systems defaulted in its payments on the promissory note. The complaint also alleged that Clutch Exchange failed to honor a promissory note issued to Goss, to make payments under the consulting contract, and to reimburse him for past services.

The defendants denied liability and asserted that the claims alleged by Goss in his complaint were barred by the Colorado Securities Act and the common law doctrine of fraud. The defendants counter-

claimed, seeking damages for common law fraud and for violations of the Securities Act. The counterclaim alleged that Goss misrepresented and failed to disclose material facts during the negotiations that preceded the contract for the sale of the Clutch Exchange stock. The alleged omissions and misrepresentations related primarily to statements made regarding the assets, liabilities, and expected losses of Clutch Exchange. The defendants specifically alleged that Clutch Exchange's inventory items and accounts receivable were materially overstated, and that actual losses were concealed by Goss.

At the close of the evidence, the defendants tendered a jury instruction defining the term "material" as used in section 11–51–125(1) of the Colorado Securities Act. The tendered instruction stated, "under the Colorado Securities Act, a fact is material if there is a substantial likelihood that a reasonable purchaser would consider it important in determining whether to purchase." The district court denied the tendered instruction, and instructed the jury:

> With respect to the Colorado Securities Act, an omission or misrepresentation is material if, considering the full context, including the subject matter and relationship of the parties, the misrepresentation or omission was of a fact which, considering the stock purchaser as a reasonable or prudent investor, *would affect* or influence it in determining whether to buy the stock.

(Emphasis supplied.) The jury subsequently returned a verdict in favor of Goss on his claim and against the defendants on their counterclaim. The court of appeals reversed on the ground that the district court applied an incorrect definition of materiality in its instruction to the jury. We granted certiorari to consider the assertion by Goss that the standard of materiality adopted by the court of appeals is inappropriate for actions arising under the Colorado Securities Act.

## II.

We have recognized on numerous occasions that, while we are not bound by fed-

eral law in the interpretation of the Colorado Securities Act, federal authorities that interpret provisions parallel to the Colorado act are highly persuasive. *People v. Milne*, 690 P.2d 829 (Colo.1984), *Sandefer v. District Court*, 635 P.2d 547 (Colo.1981); *Lowery v. Ford Hill Investment Co.*, 192 Colo. 125, 556 P.2d 1201 (1976). Section 11–51–125(1), 4 C.R.S. (1973), of the Colorado Securities Act provides, in pertinent part:

> Any person who ... offers or sells a security by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him, who may sue to recover the consideration paid for the security....[1]

The Colorado provision is virtually identical to section 12(2) of the Securities Act of 1933. 15 U.S.C. § 77*l* (2) (1982).[2]

The court of appeals, in defining the term "material" for purposes of section 11–51–125(1), adopted the standard of materiality articulated by this court in *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 (1937).[3] In *Morrison*, the court reviewed the elements that are necessary to establish a common law fraud action and held that, with respect to the "material inducement" element, the test is "not whether the plaintiff's action *would*, but whether it *might*, have been different if the misrepresentation had not been made." *Id.* at 479, 68 P.2d at 463 (emphasis in original). *See also Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7, 13 (Colo.1982). Contrary to the decision of the court of appeals, however, we cannot conclude that the definition of "material," as adopted in *Morrison* in the context of an action for common law fraud, correctly states the applicable standard of materiality for actions arising under section 11–51–125(1) of the Colorado Securities Act.

In *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976), the United States Supreme Court reviewed the definition of "material" as applied to omissions and misrepresentations in connection with the solicitation of proxies under section 14(a) and rule 14a–9 of the Securities Exchange Act of 1934. 15 U.S.C. § 78n(a) (1976). The Court recognized the potential for substantial liability under the act and the adverse consequences that could result from a test of materiality that sets too low a threshold for the imposition of liability. An unnecessarily low standard could result in liability for insignificant omissions or misstatements in connection with a securities transaction, or cause management to overwhelm shareholders with an abundance of trivial infor-

---

1. The Colorado Securities Act was amended by the General Assembly in 1981, but the operative provisions of section 11–51–125 remained unchanged. *See* § 11–51–125(3), 4 C.R.S. (1984 Supp.)

2. 15 U.S.C. § 77*l* (2) states, in pertinent part: Any person who—(2) offers or sells a security ... by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him....

3. The court of appeals stated that it was relying upon the standard of materiality announced in *Morrison* largely because there was "little clear guidance" in the federal cases. *See* Note, *Securities Regulation*, 50 Temp.L.Q. 437 (1977); Comment, *Limits of Materiality*, 30 Am.U.L.Rev. 225 (1980). However, a number of commentators have recognized the wide applicability of the *Northway* standard of materiality in actions arising under the federal securities laws. *See, e.g.*, Dennis, *Materiality and the Efficient Capital Market Model: A Recipe for the Total Mix*, 25 Wm. & Mary L.Rev. 373 (1984); Loss, *Fundamentals of Securities Regulation* 550 & n. 92 (1982).

mation in an effort to avoid liability under the statute. *Id.* at 448, 96 S.Ct. at 2132. A test of materiality based upon information that a reasonable investor "might" consider important was therefore rejected by the Supreme Court because the formulation is "too suggestive of mere possibility, however unlikely." [4] The Court concluded that the applicable test for materiality is whether there is a "substantial likelihood that a reasonable shareholder would consider [the information] important in deciding how to vote." *Id.* at 449, 96 S.Ct. at 2132.

Although the rule announced in *Northway* was formulated in the context of an action arising under section 14(a) of the Securities Exchange Act, the Court relied upon a general standard of materiality that has been widely adopted by the federal courts in interpreting various provisions of the federal securities acts. *See, e.g., Biechele v. Cedar Point, Inc.,* 747 F.2d 209 (6th Cir.1984) (section 14(e) of the Securities Exchange Act); *Pavlidis v. New England Patriots Football Club,* 737 F.2d 1227 (1st Cir.1984) (section 14(e) of the Securities Exchange Act); *Flynn v. Bass Bros. Enterprises,* 744 F.2d 978 (3d Cir. 1984) (section 14(e)); *GAF Corp. v. Heyman,* 724 F.2d 727 (2d Cir.1983) (section 14(a) of the Securities Exchange Act); *Austin v. Loftsgaarden,* 675 F.2d 168 (8th Cir. 1982) (section 12(2) of the Securities Exchange Act); *Bell v. Cameron Meadows Land Co.,* 669 F.2d 1278 (9th Cir.1982) (sec-

tions 10(b) & 14(e) of the Securities Exchange Act); *SEC v. Savoy Industries, Inc.,* 587 F.2d 1149 (D.C.Cir.1978) (section 13(d) of the Securities Exchange Act). The *Northway* standard has also been adopted by numerous state courts in interpreting similar provisions in state securities statutes. *See, e.g., Huett v. Texas,* 672 S.W.2d 533 (Tex.Ct.App.1984) (anti-fraud provision); *Brown v. Ward,* 593 P.2d 247 (Alaska 1979) (provision governing proxy solicitation); *Rose v. Dobras,* 128 Ariz. 209, 624 P.2d 887 (Ariz.App.1981) (anti-fraud provision).

We are persuaded that the considerations underlying the decision in *Northway* are also implicated in the offer or sale of securities under the Colorado Securities Act, and conclude that the standard of materiality adopted with respect to federal securities statutes should be applied in actions arising under the Colorado Act. A misrepresented or omitted fact is considered material under section 11–51–125(1) if there is a substantial likelihood that a reasonable investor would consider the matter important in making an investment decision. Whether or not the misrepresented or omitted fact is important turns on whether a reasonable investor would regard it as significantly altering the "total mix" of information made available.[5] *Northway,* 426 U.S. at 449, 96 S.Ct. at 2132; *Austin,* 675 F.2d at 176; *Alton Box*

---

**4.** In *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), the Court stated that, within the context of an action arising under rule 10b–5, "positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision." However, the issue decided in *Affiliated Ute* was whether the plaintiffs had to establish reliance on the defendants' misrepresentations. The case did not involve any issue of materiality. In *Northway,* the Court stated, "the conclusion embodied in the quoted language was simply that positive proof of reliance is unnecessary when materiality is established, and in order to reach that conclusion it was not necessary to articulate a precise definition of materiality, but only to give a 'sense' of the notion. The quoted language did

not purport to do more." *Id.* at 447 n. 9, 96 S.Ct. at 2131 n. 9.

**5.** Several federal circuit courts recognize a distinction between fraudulent misrepresentations and omissions, primarily in actions arising under rule 10b–5 in connection with the issue of whether the element of reliance is presumed or must be established by the plaintiff. *See, e.g., Cavalier Carpets, Inc. v. Caylor,* 746 F.2d 749 (11th Cir.1984); *Siebel v. Scott,* 725 F.2d 995 (5th Cir.1984). However, we can perceive no statutory or policy considerations that would require different standards of materiality for actions arising under section 11–51–125, depending upon whether the case involved omissions or misrepresentations. *See Kramas v. Security Gas & Oil,* 672 F.2d 766 (9th Cir.1982) (same standard of materiality applies to omissions and misrepresentations).

*Board Company v. Goldman, Sachs & Company*, 560 F.2d 916, 920 (8th Cir.1977).

### III.

 The district court in this case denied the defendant's tendered instruction that a fact is material if there is a substantial likelihood that a reasonable purchaser would consider it important, and instructed the jury that a factual misrepresentation or omission is material if it "would" affect or influence a reasonable investor in determining whether to buy the security. The word "would" is an absolute term and, as used in the jury instruction, connotes certainty in effect or influence. However, the phrase "substantial likelihood" is a term of qualification and, in the context of our definition of "material," imparts a meaning that it is less than certain that an omission or misrepresentation was sufficiently important to affect or influence a purchase decision by a reasonable investor. To equate the district court's instruction with the standard of materiality stated in *Northway*, and which has been adopted by this court, would undermine the plain language of the *Northway* standard.

We affirm the reversal of the district court's judgment by the court of appeals, and return the case to the court of appeals with directions to remand to the district court for a new trial in accordance with the directions and instructions contained in this opinion.

DUBOFSKY, J., does not participate.