Wayne R. MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

Jesse D. SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 55097 to 55108.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Appellants Motion for Rehearing Denied Nov. 23, 1977.

John Allen Curtis and Howard G. Wilson, Dallas, for appellants.

Henry Wade, Dist. Atty., Gary W. Love, Richard G. Worthy and James K. Johnson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These are appeals from convictions for violations of the Securities Act, Article 581–29(C), V.A.C.S. Each appellant initially pled not guilty to each count in each indictment. After the first witness testified on behalf of the state, each appellant changed his plea to guilty to count two of each of the indictments, and upon the state's motion counts one, three and four of each indictment were dismissed. The cases were tried before a jury on the issue of punishment and both appellants filed an application for probation. The jury assessed punishment for each appellant at six years and six months in the Texas Department of Corrections and a fine of $2,750.00 in each case. Probation was not granted.

The sufficiency of the evidence is not challenged and the testimony indicates that the appellants failed to inform investors of interrelations between companies which affected the financial status of such investments, and that no escrow in fact existed for the investors' money. These acts were in violation of Art. 581–29(C)(3), V.A.C.S., which makes it an offense for any person "In connection with the sale [or] offering for sale . . . of . . . any security or securities . . . [to] omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, . . . ."

Appellants' first eleven grounds of error assert reversible error was committed when evidence of extraneous offenses was admitted. The challenged evidence consists of the testimony of seven victims of appellants' scheme other than the six named in the indictments, and of various documents. Denial of a motion in limine on these matters is also challenged. These grounds of error will be considered together.

Appellants argue that "various parties who had purchased alleged securities in the same tracts of land, but who were not named in the indictment, were allowed, over [their] objections, to testify to the details of such purchases . . . [and] that such evidence was inadmissible in that each constituted an extraneous offense."

In *Asay v. State*, 456 S.W.2d 903, the Court held, "The State's right to introduce evidence is not restricted by entry of a plea of guilty by the defendant, or by his admission of facts sought to be proved." In *Beard v. State*, 146 Tex.Cr.R. 96, 171 S.W.2d 869, it was stated, "[I]f relevant facts are admissible under a plea of not guilty, then we think they are also admissible under a plea of guilty." The fact that appellants entered pleas of guilty does not control disposition of this issue.

In *Shappley v. State*, Tex.Cr.App., 520 S.W.2d 766, a conviction for selling securities without having been registered as a dealer or salesman in Texas, the defendant complained of the trial court's introduction

of evidence of extraneous sales of securities. After acknowledging the general rule that an accused is entitled to be tried on the accusation made in the state's pleading and not for collateral crimes or for being a criminal generally, we further stated that several exceptions have been established. The exceptions relevant in *Shappley* and in the present case are those of scienter and common plan, scheme or design. As was stated in *Shappley*, supra, at 771, "[U]nder the fraud counts, the extraneous sales were admissible to show intent or guilty knowledge on the part of the appellant in fraudulently misrepresenting facts concerning the sale of the bonds." See *Albrecht v. State*, Tex.Cr.App., 486 S.W.2d 97. The extraneous offenses were admissible and the first eleven grounds of error are overruled.

In their twelfth and last ground of error, the appellants contend error was committed when the trial court denied their motions to dismiss the indictments because the statute under which they were prosecuted, Art. 581–29(C)(3), supra, is unconstitutionally vague and indefinite. The motions to dismiss the indictments alleged:

"The law upon which such indictment is founded is in violation of the 5th and 14th Amendments to the Constitution of the United States in that such law is vague, indefinite, contradictory and uncertain as to not inform the Defendant what conduct on his part will render him liable to its penalties, to wit  .  .  .

"(1) Vernon's Ann.Civ.St., art. 581–29 fails to define or otherwise advise as to the meaning of the term 'security or securities' and is vague and indefinite as to what particular instruments are securities.

"(2) Vernon's Ann.Civ.St., art. 581–29 fails to define, advise or otherwise make known what constitutes an 'untrue statement of material fact' or what constitutes an 'omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.'"

Appellants' contention that "security or securities" is not defined is without merit. Article 581–4, V.A.C.S., includes "investment contract" in the definition of "security." [1] Count two of each indictment specifically alleges that the security involved is an investment contract. Regardless of what vagueness may be in the phrase "any other instrument commonly known as a security," the term is not vague as used in appellants' cases.

We also find the term "material fact" as used in Article 581–29, V.A.C.S., is not unconstitutionally vague. The standard for determining whether a statute is void for vagueness is whether "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *McMorris v. State*, Tex. Cr.App., 516 S.W.2d 927. A statute will not be struck down as unconstitutional merely because its words or phrases are not specially defined. *Powell v. State*, Tex.Cr.App.,

1. "Art. 581–4. Definitions.

"The following terms shall, unless the context otherwise indicates, have the following respective meanings:

"A. The term 'security' or 'securities' shall include any share, stock, treasury stock, stock certificate under a voting trust agreement, collateral trust certificate, equipment trust certificate, preorganization certificate or receipt, subscription or reorganization certificate, note, bond, debenture, mortgage certificate or other evidence of indebtedness, any form of commercial paper, certificate in or under a profit sharing or participation agreement, certificate or any instrument representing any interest in or under an oil, gas or mining lease, fee or title, or any certificate or instrument representing or secured by an interest in any or all of the capital, property, assets, profits or earnings of any company, *investment contract*, or any other instrument commonly known as a security, whether similar to those herein referred to or not. Provided, however, that this definition shall not apply to any insurance policy, endowment policy, annuity contract, optional annuity contract, or any contract or agreement in relation to and in consequence of any such policy or contract, issued by an insurance company subject to the supervision or control of the Board of Insurance Commissioners when the form of such policy or contract has been duly filed with the Board as now or hereafter required by law." (Emphasis added.)

538 S.W.2d 617. In *Papachristou v. City of Jacksonville*, supra, Mr. Justice Douglas noted that although the law requires fair notice of the offending conduct, "In the field of regulatory statutes governing business activities, where the acts limited are in a narrow category, greater leeway is allowed," 405 U.S. at 162, 92 S.Ct. at 843.

The meaning of "material fact" is clarified by the context in which it is found: the statute prohibited, and appellants pleaded guilty to, an "omi[ssion] to state a material fact *necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.*" (Emphasis added.) Although "material fact" standing alone might be vague, any such possible vagueness vanishes in the face of the total context. Compare this with *Courtemanche v. State*, Tex.Cr.App., 507 S.W.2d 545, in which the inherent vagueness of "lewd" was contrasted with its lack of vagueness when used in certain contexts. Also, regarding the issue of what constitutes a material fact, an issue that is not contested here in view of the pleas of guilty, see *TSC Industries v. Northway*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976).

The ground of error is overruled.

The judgments are affirmed.