**Michael HUETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–82–00834–CR, 05–82–00857–CR.**

Court of Appeals of Texas, Dallas.

April 18, 1984.

Discretionary Review Refused Oct. 3, 1984.

sion on rehearing, it was not, and will not be, additionally addressed.

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey Keck, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, ALLEN and SHUM-PERT, JJ.

ALLEN, Justice.

Michael Huett appeals his conviction on two counts for violations of the State Securities Act. The jury assessed his punishment in each case at ten years imprisonment in the Texas Department of Corrections and a $5,000 fine. Appellant contends that the anti-fraud provision with which he was charged, TEX.REV.CIV. STAT.ANN. art. 581–29(C)(1) (Vernon

Supp.1984) coupled with TEX.REV.CIV. STAT.ANN. art. 581-4(F) (Vernon Supp. 1984), is unconstitutionally vague. Further, appellant alleges that the trial court erred in commenting on the weight of the evidence in instructing the jury as to what constitutes "fraud and fraudulent practice," in instructing the jury as to what constitutes a "material fact," and in failing to grant appellant's motion to quash the indictments. We disagree with the appellant's contentions, and therefore, we affirm the judgment of the trial court in each case.

In 1979, appellant formed Offshore Resources, Inc. and became the senior executive officer of the corporation. Offshore was to be the parent holding company of several subsidiaries, and together they were to engage in oil and gas exploration and real estate development. The corporation was dormant until late 1980 when in an effort to raise capital, the appellant actively sought investors to purchase stock in Offshore and its subsidiaries. The complainants purchased stock from the appellant in November and December of 1981.

Complainant Boyle answered a partners wanted ad that was placed in the newspaper by the appellant. Boyle testified that the appellant claimed he was a graduate geologist from Texas Christian University. Further, the appellant told Boyle that Offshore and its subsidiaries had assets of 28 to 33 million dollars, and that one or more of the corporations would go "public" within a few months and the stock value would increase substantially. Boyle entered into an employment contract with appellant. The terms of the contract provided that for a $100,000 investment in Offshore, complainant Boyle was to be named president of Petro-Geo Funding Corporation, a subsidiary of Offshore, and was to receive 5% of the stock of Petro-Geo Corporation along with insurance benefits and a company car.

Complainant Matthews purchased 20,000 shares of Phenix Drilling Corporation, an Offshore subsidiary, from the appellant for $20,000. Matthews was told by the appellant that Phenix Drilling would go public in April of 1982 and that the value of each share of stock would increase to twenty dollars. A stock certificate indicating ownership of 20,000 shares of Phenix Drilling Corp. was issued to complainant and bore the signature of the appellant as president of Phenix Drilling Corp.

The record shows that in January 1979 the appellant pleaded nolo contendere to two offenses of felony theft and had received a 10 year probated sentence in each case. In September of 1980 appellant again pleaded nolo contendere for the offense of felony theft and was sentenced to 7 years in the Texas Department of Corrections. The probation in the two prior felony theft cases was revoked. At the time the appellant sold stock to the complainants, both probation revocations and the felony theft conviction of 1980 were on appeal. The appellant did not disclose any of these facts to the complainants before he sold them stock in the corporations. At trial, the evidence showed that Offshore and its subsidiaries did not have 28 to 33 million dollars in assets, rather the corporations had virtually no assets at all. No corporate financial records were kept and very few shares of stock in the subsidiaries were ever issued. Most of the investor's funds were deposited into Offshore's corporate account which was used by the appellant for personal expenses. Many of these investor's funds in the Offshore account were transferred to the personal account of the appellant's wife. The record reflects that the appellant, using funds from the Offshore account, purchased two watches for more than $10,000 and bought expensive leather jackets and cowboy boots. Further, the appellant gave away much of the corporate stock to religious leaders and charitable organizations. The appellant was not a graduate of Texas Christian University and had taken only a few courses in geology.

The appellant was charged under two indictments with 10 counts of violations of the State Securities Acts. The two counts

upon which the appellant was found guilty read as follows:

The appellant did unlawfully, then and there, fraudulently, intentionally and knowingly sell and offer for sale to [complainant] a security, to-wit:

Five percent (5%) of the authorized and issued stock of Petro Geo Funding, Inc.

and the said Michael Huett did, then and there, commit fraud upon the said [complainant] by fraudulently, then and there, intentionally failing to disclose to the said [complainant] a material fact, to-wit:

That the said MICHAEL HUETT did, on January 12, 1979, under the name of WILLIAM MICHAEL HUETT, plead Nolo Contendere in cause number F77-10224-LJ, wherein he was charged with the felony offense of Theft of Property of the value of $10,000.00 or more, a second degree felony as charged in the indictment and received a ten (10) year probated sentence, and that on March 25, 1981, said probation was revoked, and the said MICHAEL HUETT, under the name of WILLIAM MICHAEL HUETT, was sentenced to confinement in the Texas Department of Corrections for not less than two (2) years nor more than ten (10) years, and that aforementioned revocation was being appealed, and the said information being, then and there, well known by the said MICHAEL HUETT, and the said MICHAEL HUETT, then and there, intentionally failed to disclose said information for the purpose of inducing the said [complainant] to purchase said security, and the said information being a material fact.

\*      \*      \*      \*      \*      \*

The appellant did unlawfully, then and there, fraudulently, intentionally and knowingly sell and offer for sale to [complainant] a security, to-wit:

Twenty thousand (20,000) shares of Phenix Drilling Corporation,

and the said MICHAEL HUETT, did, then and there, commit fraud upon the

said [complainant] by fraudulently, then and there, intentionally failing to disclose to the said [complainant] a material fact, to-wit:

That the said MICHAEL HUETT did, on January 12, 1979, under the name of WILLIAM MICHAEL HUETT, plead Nolo Contendere in cause number F77-10702-LHJ, wherein he was charged with the felony offense of theft of service of the value of $200.00 or more, but less than $10,000.00, a third degree felony as charged in the indictment, and received a ten (10) year probated sentence, and that on March 25, 1981, said probation was revoked and the said MICHAEL HUETT, under the name of WILLIAM MICHAEL HUETT, was sentenced to confinement in the Texas Department of Corrections for not less than two (2) years nor more than ten (10) years, and that the aforementioned revocation was being appealed, and the said information being, then and there, well known by the said MICHAEL HUETT, and the said MICHAEL HUETT, then and there, intentionally failed to disclose said information for the purpose of inducing the said [complainant] to purchase said security, and the said information being a material fact;

The jury assessed punishment in each case at ten years imprisonment in the Texas Department of Corrections and a $5,000.00 fine.

In his first ground of error, the appellant argues that article 581-29(C)(1) coupled with article 581-4(F) is unconstitutionally vague. The statute provides:

Art. 581-29.  Penal Provisions

Any person who shall:

C.  In connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitation of offers to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly (1) engage in any fraud or

fraudulent practice, or (2) employ any device, scheme, or artifice to defraud, or (3) knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or (4) engage in any act, practice or course of business which operates or will operate as a fraud or deceit upon any person, is guilty of a felony and upon conviction shall be imprisoned for not more than 10 years, or fined not more than $5,000, or both.
Art. 581–4. Definitions

F. The terms "fraud" or "fraudulent practice" shall include ... an intentional failure to disclose a material fact;

The appellant argues that article 581–29(C)(1) and article 581–4(F) are unconstitutionally vague because they fail to provide adequate notice to a seller of securities of what conduct the statute prohibits. The appellant contends that "material fact" as used in article 581–4(F) is unconstitutionally vague because men of common intelligence must guess as to its meaning, and that to hold him criminally liable under article 581–29(C)(1) for the fraudulent sale of securities on the basis of an intentional failure to disclose a "material fact," violates his constitutional right to due process under the fourteenth amendment of the United States Constitution.

In *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Cr.App.1978), the Court of Criminal Appeals stated:

Whenever an attack upon the constitutionality of a statute is presented for determination, we commence with the presumption that such statute is valid and that the Legislature had not acted unreasonably or arbitrarily in enacting the statute. See *Ex parte Smith*, 441 S.W.2d 544 (Tex.Cr.App.1969); *Smith v. Davis*, 426 S.W.2d 827 (Tex.1968).... The burden rests upon the individual who challenges the act to establish its unconstitutionality. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974), and if a statute is capable of two constructions, one of

which sustains its validity, the courts will give to it the interpretation that sustains its validity. *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App.1968); *Newsom v. State*, 372 S.W.2d 681 (Tex.Cr.App.1963).

The standard rule, which has become axiomatic in considering allegations that a statute is void for vagueness and indefiniteness, is that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954), and if it encourages arbitrary and erratic arrests and convictions. *Papachristou*, 405 U.S. at 162, 92 S.Ct. at 843; *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon v. Lowry*, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937). However, as noted in *Papachristou*, greater leeway is allowed when a court considers allegations of vagueness and indefiniteness in "regulatory statutes governing business activities." 405 U.S. at 162, 92 S.Ct. at 843; *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Cr.App.1979). Furthermore, the approach to "vagueness" in cases involving regulatory statutes governing business activities is different from that followed in cases arising under the first amendment. In the latter situation we would be concerned with the vagueness of the statute "on its face" because such vagueness may in itself deter constitutionally protected and socially desirable conduct. *United States v. National Dairy Products Corp.*, 372 U.S. 29, 36, 83 S.Ct. 594, 599, 9 L.Ed.2d 561 (1963), *see Thornhill v. Alabama*, 310 U.S. 88, 98, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940); *N.A.A.C.P.*

*v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). However, vagueness challenges to statutes which do not concern first amendment freedoms must be examined in the light of the facts of the case at hand. *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975).

■ In support of his contention that article 581–4(F) coupled with article 581–29(C)(1) is unconstitutionally vague, the appellant relies primarily on *Morgan v. State*, 557 S.W.2d 512 (Tex.Cr.App.1977). In that case, Morgan was charged and convicted for a violation of article 581–29(C)(3), which makes it an offense for, "any person in connection with the sale [or] offering for sale ... of ... any security or securities ... [to] omit to state a material fact *necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading ....*" [emphasis ours]. Morgan argued that "material fact" as used in article 581–29(C)(3) was unconstitutionally vague. The court in *Morgan* held that "material fact" as specifically used in article 581–29(C)(3) was not vague:

> The meaning of "material fact" is clarified by the context in which it is found: the statute prohibited, and appellants pleaded guilty to, an "omi[ssion] to state a material fact *necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.*" Although "material fact" standing alone might be vague, any such possible vagueness vanishes in the face of the total context.

*Morgan*, 557 S.W.2d at 514.

Appellant points to the language in *Morgan* which says "material fact" standing alone might be vague. He argues that article 581–29(C)(1) coupled with article 581–4(F) does not contain the clarifying contextual language that surrounds "material fact" as used in article 581–29(C)(3), and, therefore, "material fact" within the meaning of articles 581–29(C)(1) and 589–

4(F) stands alone and is unconstitutionally vague. We disagree. "Material fact" as found in article 581–4(F) does not stand alone. Article 581–4(F) must be read in conjunction with article 581–29(C)(1). Article 581–4(F) defines the terms "fraud" or "fraudulent practice," which are elements of an offense charged under article 581–29(C)(1), to wit: engaging in fraud or fraudulent practice in connection with the sale of a security. It is the "engaging in fraud or fraudulent practice in connection with the sale of a security" that is the gravamen of the offense charged under article 581–29(C)(1). In fact, the very purpose of the Texas Securities Act is to protect the public from fraud and imposition by those engaged in selling worthless securities. *Kadane v. Clark*, 135 Tex. 496, 143 S.W.2d 197, 199 (1940).

Although we have found no Texas cases concerning the vagueness of article 581–29(C)(1), we have found cases concerning the validity of similar statutes. For instance, in *Reeves v. State*, 566 S.W.2d 630 (Tex.Cr.App.1978), the appellant was charged under TEX.REV.CIV.STAT.ANN. art. 695c, § 34 (Vernon 1964) which reads in pertinent part:

> Sec. 34. Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:
>
> (2) Assistance, services, or treatment greater than that to which he is *justly entitled;* [emphasis ours].

Reeves argued that the phrase "justly entitled" as found in § 34(2) was inherently unclear and not defined by statute and that the indefiniteness rendered the statute unconstitutionally vague. The Court of Criminal Appeals disagreed with this contention using the following language:

> Appellant's analysis of the statute ignores the basic nature of the offense proscribed. The behavior prohibited is fraud: the use by a person of a wilfully false statement, representation, impersonation or other fraudulent means to

procure welfare aid. Of course, the State is required to prove as an element of the offense that the aid obtained was greater than that to which an accused was "justly entitled." However, proof of this issue logically depends on the initial fraud; only after it is determined that a falsehood has been used can it then be determined that an applicant is receiving benefits greater than those to which he or she is entitled. Proof of this latter issue may involve a wide range of factors, different for each welfare applicant. A comprehensive listing of such factors in the statute would be burdensome, if not impossible, and would offer no further notice to an accused of the type of fraudulent act he or she has allegedly committed. Due process requirements of specificity in a criminal statute are based on the need for adequate notice of what behavior is prohibited. The Constitution does not require impossible standards; all that is required is that the language conveys a sufficient warning as to the proscribed conduct when measured by common understanding and practices. *United States v. Petrillo*, 332 U.S. 1 [67 S.Ct. 1538, 91 L.Ed. 1877] (1947).

*Reeves*, 566 S.W.2d at 631–32.

Another example is found in *Ely v. State*, 582 S.W.2d 416 (Tex.Cr.App.1979), in which case the appellant was charged for a deceptive business practice under TEX.PENAL CODE ANN. § 32.42(b)(12)(B) (Vernon 1974), which provides:

(b) A person commits an offense if in the course of business he intentionally, knowingly, recklessly, or with criminal negligence commits one or more of the following deceptive business practices:

\* \* \* \* \* \*

(12) making a materially false or misleading statement:

\* \* \* \* \* \*

(B) otherwise in connection with the purchase or sale of property or service.

Ely argued that the statute was vague because it fails to describe specifically what constitutes "a materially false or mis-

leading statement." The court in holding that the statute was not void for vagueness stated:

Appellant concedes that the purpose of this statute is to protect consumers from unethical business practices. It is clear that the statute speaks in terms of the evil to be cured, i.e., to prevent "materially false or misleading statements" from being used in connection with the purchase or sale of property or services. As was stated in *Boyce Motor Lines Inc. v. U.S.*, 342 U.S. 337, 340 [72 S.Ct. 329, 331, 96 L.Ed. 367] (1952), "most statutes must deal with untold and unforeseen variations in factual situations." To require elaborate specificity as to what constitutes "materially false or misleading statements" would undermine the efficacy of the statute. The ingenuity of humans would quickly learn ways to circumvent the specific proscriptions. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. *Sproles v. Binford*, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932). The failure to specifically elaborate each "materially false or misleading statement" which, when made in connection with the purchase or sale of property or service, constitutes an offense does not render this statute void for vagueness and indefiniteness.

The rationale of the *Reeves* and *Ely* cases is applicable to the instant case. It is clear that article 581–29(C)(1) speaks in terms of the evil to be cured, namely to prevent the fraudulent sale of securities. The appellant's vagueness challenge to article 581–29(C)(1) must be viewed in light of the facts of the case at hand. *U.S. v. Powell*, 423 U.S. at 92, 96 S.Ct. at 319. The record reflects that the appellant formed Offshore Resources Corporation and its subsidiaries to engage in the business of oil exploration. Appellant was a principal shareholder and in charge of Offshore Resources, and in turn, Offshore Resources was the principal shareholder of each of its subsidiaries. The appellant represented

that the corporations had 33 million dollars in assets, when in fact they had no assets whatsoever. The appellant sold shares of stock of the subsidiary corporations to the complainants, but at the time of the sale the appellant failed to disclose to both complainants that he had been convicted for felony theft and sentenced to ten years' probation, and that the probation had subsequently been revoked and that the appellant had been sentenced to ten years in prison, and that the revocation of probation was being appealed. Both complainants testified that they would have wanted to know these facts before investing in the securities. Complainant Boyle testified that had he known that the appellant had been sentenced to prison, the appellant's credibility would have been seriously impaired.

In *Kirk v. State,* 611 S.W.2d 148, 151 (Tex.Civ.App.—El Paso 1981, no writ), the court defined "material fact" as found in article 581–4(F), stating that information was material if there was a substantial likelihood that a reasonable investor would have considered it important in deciding whether to invest. *See also TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). In *Coplin v. United States,* 88 F.2d 652 (9th Cir.) *cert. denied,* 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937), the court stated, "[n]o honest and reasonable citizen could have difficulty in understanding 'material fact.'" The constitutional requirement is that the language conveys a sufficient warning as to the proscribed conduct when measured by common understanding and practices. *Farmer v. State,* 540 S.W.2d 721 (Tex.Cr.App.1976). Clearly, when considered in light of the common understanding and practices in selling securities, a seller of securities would be well aware that his three prior felony theft convictions, all of which are pending appeal, would be material facts required to be disclosed to a prospective purchaser of the securities. Furthermore, those facts would become even more material where the seller of stock was also the senior executive officer in charge of the corporation whose stock

was offered for sale. We hold that in light of the facts of the instant case, article 581–29(C)(1) and article 581–4(F) are not unconstitutionally vague. We hold that this statute gave the appellant fair notice that his contemplated conduct is forbidden. Consequently, the statute is not unconstitutionally vague.

◼ In his second ground of error, the appellant claims that the trial court erred in instructing the jury that the term "fraud or fraudulent" practice means any intentional failure to disclose a material fact. Appellant claims that this instruction was a comment on the weight of the evidence. We find no merit in this argument. "Fraud or fraudulent practice" is defined in the charge exactly as it is defined in article 581–4(F). Appellant's second ground of error is overruled.

Next, appellant asserts that the application portion of the court's charge comments on the weight of the evidence because it assumes the existence of a material fact. This same argument was addressed by this court in *Morgan v. State,* 644 S.W.2d 766 (Tex.App.—Dallas 1982, no writ), where the defendant was indicted and charged under art. 581–29C(1). In *Morgan* we held that:

> The application portion of the trial court's charge did not assume the existence of a material fact since each count was prefaced by the phrase "if ... you find and believe from the evidence beyond a reasonable doubt ..." and the jury was required to find "that the said information was a material fact...."

The application portion of the charge in the instant case is identical to the charge in *Morgan,* 644 S.W.2d 766, and we hold that it does not constitute a comment on the weight of the evidence. Appellant's third point of error is overruled.

◼ In his last ground of error, the appellant contends that the trial court erred in denying his motion to quash the indictment in each case because under article 581–29(C)(1), appellant, as a seller of securities, had no duty to disclose his prior con-

viction for an offense of felony theft because the convictions were not final and would not be admissible for the purpose of impeaching him under TEX.CRIM.PROC. CODE ANN. art. 38.29 (Vernon 1979). We find no merit in this contention. Even if appellant's contentions were to be applied in the instant case, there would still exist a flaw in his argument because under art. 38.29 two of the prior felony convictions *could* be used to impeach the appellant. The two material facts that the appellant failed to disclose were prior convictions for felony theft for which he received 10 year probated sentences. The probation was subsequently revoked and its revocation was pending appeal. Until the appeal of the revocation of probation is determined, appellant's probation still exists and therefore, under art. 38.29, such evidence could be used to impeach the appellant. *Johnigan v. State*, 628 S.W.2d 852 (Tex.App.— Fort Worth 1982, pet. ref'd). Appellant's last point of error is overruled. The judgment of the trial court is affirmed.