**Bennie Gene GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00936–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 30, 2006.

Patricia Sedita, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HIGLEY, and WILSON.*

## OPINION

DAVIE WILSON, Justice (Retired).

After the trial court denied his motion to quash the indictment, appellant, Bennie Gene Green, pleaded guilty, with an agreed punishment recommendation from the State, to the offense of violating a requirement imposed under the Texas Civil Commitment of Sexually Violent Predators Act[1] (the "Act"). In accordance with the plea agreement, the trial court sentenced appellant to confinement for twenty-five years. In his sole issue, appellant contends that the trial court erred in denying his motion to quash the indictment because "the statute under which he was indicted is, on its face and as applied to appellant, unconstitutional, as it is overbroad and vague."

We affirm.

## Factual and Procedural Background

On September 17, 2001, the district court, in the underlying case,[2] found appellant to be a "sexually violent predator." See TEX. HEALTH & SAFETY CODE ANN. § 841.062 (Vernon 2003). In the commitment order, which was introduced into evidence, the district court ordered that ap-

---

* The Honorable Davie Wilson, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. See TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–147 (Vernon 2003 & Supp.2005). Appellant was specifically charged with the commission of an offense under section 841.085. See id. § 841.085 (Vernon 2003).

2. Section 841.041 of the Act provides that "[i]f a person is referred to the attorney representing the state under Section 841.023, the attorney may file, in a Montgomery County district court other than a family district court, a petition alleging that the person is a sexually violent predator and stating facts sufficient to support the allegation." TEX. HEALTH & SAFETY CODE ANN. § 841.041(a) (Vernon 2003). Appellant was determined to be a sexually violent predator in cause number 00–09–05766–CV, in the 221st District Court of Montgomery County, Texas, the Honorable P.K. Reiter presiding. A person is a "sexually violent predator" under the Act if the person

"(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Id. § 841.003(a)(1)-(2) (Vernon 2003). A person is a "repeat sexually violent offender" under the Act if, among other things, "the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." Id. § 841.003(b). A "behavioral abnormality" is defined under the Act to mean "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Id. § 841.002(2). The finding that appellant is a sexually violent predator is not before this Court. Rather, this appeal concerns appellant's criminal conviction under the Act for violating the terms of his civil commitment.

pellant be "committed for outpatient treatment and supervision" and that such treatment was to continue until appellant's "behavioral abnormality" changed so that appellant would "no longer be likely to engage in a predatory act of sexual violence." The court imposed a number of "commitment requirements," which it determined were "necessary to ensure that [appellant] complies with the treatment and supervision to protect the community." In accordance with section 841.082 of the Act, the court, in its commitment order, ordered, among other things, that appellant was required to reside in Harris County and to submit to electronic monitoring. Appellant was also prohibited from contacting "a victim or potential victim," including the complaining witnesses in his prior sexual offenses, using alcohol or controlled substances, and changing his residence or leaving the state without authorization. Finally, the district court ordered appellant to participate in "a specific course of treatment" determined by the Interagency Council and further ordered "that a treatment plan for [appellant] shall be developed by the treatment provider with the approval of the Interagency Council on Sex Offender Treatment." The order notified appellant that if he violated a commitment requirement under section 841.082 of the Act or any element of his treatment plan, he would "likely be charged" with a third-degree felony.

The State introduced into evidence a copy of the "Civil Commitment Requirements: Standard Requirements of the Treatment Plan" (the "treatment plan"), which included approximately fifty provisions, the fourth of which stated, "I shall not, purchase, borrow, subscribe to, create, or possess literature, magazines, books,

pictures, videotapes, or CD–ROMs that depict pornography and/or obscene or sexually explicit images." A notation next to the fourth provision stated, "no magazine with pictured child any [sic]." The treatment plan, which appellant signed, contained the admonishment, "When you participate in the Outpatient Sexually Violent Predator Treatment Program (OSVPTP), you must follow all the rules of the program. Failure to comply with these rules may result in legal action.... When you sign this document, you are showing that you have read and understand these requirements."

An incident report, presented by the State as an exhibit in the trial court, reflected that on or about February 19, 2004, appellant violated the terms of his treatment plan when "pornographic images were found in [appellant's] possession that he [had] collected for six weeks along with articles about men molesting children." The report further stated that appellant "admitted ... that he had fantasies regarding these images, one in which a sex offender had impregnated a ten-year-old girl." Based on this incident report, the treatment team recommended that appellant be arrested and terminated from treatment.

Appellant was subsequently indicted for violating the terms of his commitment as a sexually violent predator based on the fact that he "possessed pornographic images."[3] Appellant filed a motion to quash the indictment, arguing that the charging instrument and the underlying statute were "unconstitutional, facially and as applied." Appellant asserted that the statute was vague and overbroad, failed to give adequate notice, and was "arbitrary and capricious as applied." Appellant also asserted that he "was unable to conform his conduct

---

**3.** The indictment stated that on February 20, 2004, appellant "unlawfully and knowingly violate[d] commitment requirements of section 841.082 of the Texas Health & Safety Code as ordered ... to wit: [appellant] possessed pornographic images."

to an unclear statute" and that the indictment was "void and defective as it does not provide certainty." The trial court, after a hearing, denied appellant's motion to quash.

## Constitutionality of the Act

■ In his sole issue, appellant contends that the trial court erred in denying his motion to quash the indictment because "the statute under which he was indicted is, on its face and as applied to appellant, unconstitutional, as it is overbroad and vague." In support of his issue, appellant asserts that the statute "fails to give adequate notice to [appellant] in order to prepare a defense," that the statute is "arbitrary and capricious as applied," and that appellant was "unable to conform his conduct to a vague, overbroad, and unclear statute."[4] Appellant's facial challenge to the Act appears to focus on section 841.082(4), which mandates a sexually violent predator's participation in and compliance with a specific course of treatment, and section 841.082(9), which permits a judge to impose in the commitment order "any other requirements determined necessary by the judge." Appellant's as-applied challenge, while not clearly articulated, necessarily focuses on the provision of the treatment plan that led to appellant's criminal conviction.

Appellant was convicted under section 841.085 of the Act, which provides that "[a] person commits an offense if the person violates a requirement imposed under Section 841.082" of the Act and that "[a]n offense under this section is a felony of the third degree." TEX. HEALTH & SAFETY CODE ANN. § 841.085 (Vernon 2003).[5] Section 841.082 provides,

(a) Before entering an order directing a person's outpatient civil commitment, the judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community. The requirements shall include:

(1) requiring the person to reside in a Texas residential facility under contract with the council or at another location or facility approved by the council;

(2) prohibiting the person's contact with a victim or potential victim of the person;

4. Appellant also makes a single, unsupported statement in his brief that the charging instrument is unconstitutional. Because there is no supporting briefing or discussion, to the extent appellant has attempted to make a specific challenge to the charging instrument, he has waived that issue for review. *See* TEX. R.APP. P. 38.1(h).

5. Section 841.001 of the Texas Health and Safety Code, which sets forth the legislative findings on which the Act was enacted, provides:

The legislature finds that a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the preda-

tors likely to engage in repeated predatory acts of sexual violence. The legislature finds that the existing involuntary commitment provisions of Subtitle C, Title 7, are inadequate to address the risk of repeated predatory behavior that sexually violent predators pose to society. The legislature further finds that treatment modalities for sexually violent predators are different from the traditional treatment modalities for persons appropriate for involuntary commitment under Subtitle C, Title 7. Thus, the legislature finds that a civil commitment procedure for the long-term supervision and treatment of sexually violent predators is necessary and in the interest of the state. TEX. HEALTH & SAFETY CODE ANN. § 841.001 (Vernon 2003).

(3) prohibiting the person's possession or use of alcohol, inhalants, or a controlled substance;

(4) requiring the person's participation in and compliance with a specific course of treatment;

(5) requiring the person to:

 (A) submit to tracking under a particular type of tracking service and to any other appropriate supervision; and

 (B) refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment;

(6) prohibiting the person from changing the person's residence without prior authorization from the judge and from leaving the state without that prior authorization;

(7) if determined appropriate by the judge, establishing a child safety zone in the same manner as a child safety zone is established by a judge under Section 13B, Article 42.12, Code of Criminal Procedure, and requiring the person to comply with requirements related to the safety zone;

(8) requiring the person to notify the case manager immediately but in any event within 24 hours of any change in the person's status that affects proper treatment and supervision, including a change in the person's physical health or job status and including any incarceration of the person; and

(9) any other requirements determined necessary by the judge.

. . . .

(c) The judge shall provide a copy of the requirements imposed under Subsection (a) to the person and to the council. The council shall provide a copy of those requirements to the case manager and to the service providers. *Id.* § 841.082(a), (c) (Vernon 2003).

A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute or if the statute encourages arbitrary and erratic arrests and convictions. *Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App. 1985); *see also In re Commitment of Browning,* 113 S.W.3d 851, 863 (Tex.App.-Austin 2003, pet. denied) ("A statute is unconstitutionally vague if it either forbids or requires the doing of an act in terms that require persons of common intelligence to guess at its meaning."). However, a statute "need not be mathematically precise" and "need only give fair warning, in light of common understanding and practices." *Flores v. State,* 33 S.W.3d 907, 920–21 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

Other Texas courts that have addressed similar challenges to the Act have determined that the Act's requirement "to follow the court's specific orders which are necessary to ensure compliance with treatment and supervision and to protect the community is not vague." *Beasley v. Molett,* 95 S.W.3d 590, 609 (Tex.App.-Beaumont 2002, pet. denied). Additionally, the Texas Supreme Court has indicated that the Act is not unconstitutionally vague simply because the Act authorizes a trial court to tailor a commitment order by imposing other requirements it deems necessary or because the sexually violent predator must comply with a treatment plan that can be developed to address the sexually violent predator's individual circumstances. *See In re Commitment of Fisher,* 164 S.W.3d 637, 655 (Tex.2005) (rejecting facial vagueness challenge and noting that "the Act gives the trial court leeway to

fashion restrictions tailored to the particular [sexually violent predator] facing commitment"). Thus, even though the Act permits some discretion in tailoring a commitment order for the individual predator, the Act is not vague in its specific requirements. *See In re Commitment of Browning*, 113 S.W.3d at 864; *see also Beasley*, 95 S.W.3d at 609 ("[T]hat different judges might establish different specific requirements does not render those requirements necessarily vague after they are issued and subject to compliance."); *In re Commitment of Mullens*, 92 S.W.3d 881, 888 (Tex. App.-Beaumont 2002, no pet.) ("We are not persuaded that the statute is unconstitutionally vague because it requires the trial judge to set out the commitment requirements in the order, or because it allows the trial judge to delegate authority to, among others, the Interagency Council on Sex Offender Treatment (to provide the necessary and appropriate treatment)."). As the Austin Court of Appeals has stated, the fact that the Act permits a trial court to allow professionals to determine a specific course of treatment does not render the statute unconstitutionally vague. *In re Commitment of Browning*, 113 S.W.3d at 864. We hold that the Act, and the order drafted pursuant to the express terms of section 841.082, are not unconstitutional for vagueness or overbreadth.

■ To the extent appellant is asserting that particular provisions in his treatment plan are unconstitutionally vague, such a challenge "is not that the statute is unconstitutional on its face, but rather that the statute as applied to [appellant] via the conditions of his commitment contract—is unconstitutionally vague." *In re Commitment of Fisher*, 164 S.W.3d at 656. Here, the court's order plainly stated that appellant was required to participate in a specific course of treatment, which was to be determined and approved by the Inter-

agency Council. The order further stated that the violation of a commitment requirement or any element of the treatment plan would result in appellant being charged with a third-degree felony. Once the court set forth this requirement in its order, along with the other requirements, appellant "had specific notice of what was required" of him. *In re Commitment of Browning*, 113 S.W.3d at 864; *In re Commitment of Mullens*, 92 S.W.3d at 888. Although appellant asserts that the statute and order contain undefined legal terms, and that a person of ordinary intelligence could not know what conduct would cause a violation, we note that a statute is not unconstitutionally vague merely because its terms are not specifically defined. *See Morgan v. State*, 557 S.W.2d 512, 514 (Tex. Crim.App.1977); *In re Commitment of Browning*, 113 S.W.3d at 864. When words are not defined by statute, they are ordinarily given their plain meaning and, if understood by a person of ordinary intelligence, they are not vague and indefinite. *Flores*, 33 S.W.3d at 921.

Although appellant never identifies a single, specific term in the statute or order that he contends is vague or unclear, appellant does identify a few specific provisions in the treatment plan that he contends are vague. For example, appellant complains of a provision in the treatment plan prohibiting him from traveling to places "where prostitutes are known to gather" and a provision prohibiting him from engaging "in anonymous or casual sex." Appellant also complains of a provision that requires him to explain to a potential sexual partner that he is a sexually violent predator and that, prior to engaging in sexual contact, his case manager must meet with his potential sex partner. However, appellant was not convicted on the basis of violating these provi-

sions, and these provisions have no relevance to his as-applied challenge.[6]

Appellant only makes limited reference to the actual provision of the treatment plan that he violated, which is the provision prohibiting him from purchasing or possessing pornographic, obscene, or sexually explicit images. Again, appellant does not directly assert that the terms used in the particular provision of the treatment plan, i.e. "pornography," "obscene," or "sexually explicit," are unconstitutionally vague. Rather, appellant rhetorically asks this Court whether he would be in violation of the treatment plan if he received "the Sport's Illustrated swim suit edition in the mail."

 We agree with the State's contention that appellant failed to preserve his as-applied challenge for our review. In the trial court, appellant failed to make any argument as to how the specific provision of the treatment plan prohibiting him from possessing pornography was vague. *In re Commitment of Browning*, 113 S.W.3d at 864; TEX.R.APP. P. 33.1. However, even if appellant had preserved this issue for our review, we note that appellant was convicted for violating his commitment order after his treatment team found pornographic images and articles about men molesting children in appellant's possession and after appellant admitted that he had fantasies regarding these images, "one in which a sex offender had impregnated a ten-year-old girl." We conclude that provision four of the treatment plan provided appellant with specific notice that he was prohibited from possessing the materials with which he was found and for which possession he was charged. Accordingly, we hold that provision four was not unconstitutionally vague and that the Act was not arbitrarily and capriciously applied to appellant.[7]

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

---

**6.** In *In re Commitment of Fisher*, the Texas Supreme Court noted, in regard to Fisher's as-applied challenge, that Fisher did not challenge the specific provisions in his treatment plan in the trial court. 164 S.W.3d 637, 656 (Tex.2005). The court stated that "a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal, so that the trial court has the opportunity to rule on the issue." *Id.* (citing TEX.R.APP. P. 33.1). The court further stated that if the appellant had challenged the specific provisions of the treatment plan in the trial court, "it is possible that the trial court would have modified or removed some of the contract conditions of which he now complains." *Id.*

**7.** Although appellant does not identify a specific term or phrase in provision four which he contends is unconstitutionally vague, we note that the term "obscene" is defined in the Penal Code to include, among other things, material that "the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex" and that depicts or describes "patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, ... including sexual intercourse [and] sodomy." *See* TEX. PEN.CODE ANN. § 43.21(a)(1) (Vernon 2003).