Opinion issued November 30, 2006 



















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00936-CR

____________


BENNIE GENE GREEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 999351






O P I N I O N

 After the trial court denied his motion to quash the indictment, appellant,
Bennie Gene Green, pleaded guilty, with an agreed punishment recommendation from
the State, to the offense of violating a requirement imposed under the Texas Civil
Commitment of Sexually Violent Predators Act (1) (the "Act"). In accordance with the
plea agreement, the trial court sentenced appellant to confinement for twenty-five
years. In his sole issue, appellant contends that the trial court erred in denying his
motion to quash the indictment because "the statute under which he was indicted is,
on its face and as applied to appellant, unconstitutional, as it is overbroad and vague."

 We affirm.

Factual and Procedural Background On September 17, 2001, the district court, in the underlying case, (2)
 found
appellant to be a "sexually violent predator." See Tex. Health & Safety Code
Ann. § 841.062 (Vernon 2003). In the commitment order, which was introduced into
evidence, the district court ordered that appellant be "committed for outpatient
treatment and supervision" and that such treatment was to continue until appellant's
"behavioral abnormality" changed so that appellant would "no longer be likely to
engage in a predatory act of sexual violence." The court imposed a number of
"commitment requirements," which it determined were "necessary to ensure that
[appellant] complies with the treatment and supervision to protect the community." 
In accordance with section 841.082 of the Act, the court, in its commitment order,
ordered, among other things, that appellant was required to reside in Harris County
and to submit to electronic monitoring. Appellant was also prohibited from
contacting "a victim or potential victim," including the complaining witnesses in his
prior sexual offenses, using alcohol or controlled substances, and changing his
residence or leaving the state without authorization. Finally, the district court ordered
appellant to participate in "a specific course of treatment" determined by the
Interagency Council and further ordered "that a treatment plan for [appellant] shall
be developed by the treatment provider with the approval of the Interagency Council
on Sex Offender Treatment." The order notified appellant that if he violated a
commitment requirement under section 841.082 of the Act or any element of his
treatment plan, he would "likely be charged" with a third-degree felony.

 The State introduced into evidence a copy of the "Civil Commitment
Requirements: Standard Requirements of the Treatment Plan" (the "treatment plan"), 
which included approximately fifty provisions, the fourth of which stated, "I shall
not, purchase, borrow, subscribe to, create, or possess literature, magazines, books,
pictures, videotapes, or CD-ROMs that depict pornography and/or obscene or
sexually explicit images." A notation next to the fourth provision stated, "no
magazine with pictured child any [sic]." The treatment plan, which appellant signed,
contained the admonishment, "When you participate in the Outpatient Sexually
Violent Predator Treatment Program (OSVPTP), you must follow all the rules of the
program. Failure to comply with these rules may result in legal action. . . . When you
sign this document, you are showing that you have read and understand these
requirements."

 An incident report, presented by the State as an exhibit in the trial court,
reflected that on or about February 19, 2004, appellant violated the terms of his
treatment plan when "pornographic images were found in [appellant's] possession
that he [had] collected for six weeks along with articles about men molesting
children." The report further stated that appellant "admitted . . . that he had fantasies
regarding these images, one in which a sex offender had impregnated a ten-year-old
girl." Based on this incident report, the treatment team recommended that appellant
be arrested and terminated from treatment.

 Appellant was subsequently indicted for violating the terms of his commitment
as a sexually violent predator based on the fact that he "possessed pornographic
images." (3) Appellant filed a motion to quash the indictment, arguing that the charging
instrument and the underlying statute were "unconstitutional, facially and as applied." 
Appellant asserted that the statute was vague and overbroad, failed to give adequate
notice, and was "arbitrary and capricious as applied." Appellant also asserted that he
"was unable to conform his conduct to an unclear statute" and that the indictment was
"void and defective as it does not provide certainty." The trial court, after a hearing,
denied appellant's motion to quash. 


 Constitutionality of the Act


 In his sole issue, appellant contends that the trial court erred in denying his
motion to quash the indictment because "the statute under which he was indicted is,
on its face and as applied to appellant, unconstitutional, as it is overbroad and vague."

In support of his issue, appellant asserts that the statute "fails to give adequate notice 
to [appellant] in order to prepare a defense," that the statute is "arbitrary and
capricious as applied," and that appellant was "unable to conform his conduct to a
vague, overbroad, and unclear statute." (4) Appellant's facial challenge to the Act
appears to focus on section 841.082(4), which mandates a sexually violent predator's
participation in and compliance with a specific course of treatment, and section
841.082(9), which permits a judge to impose in the commitment order "any other
requirements determined necessary by the judge." Appellant's as-applied challenge,
while not clearly articulated, necessarily focuses on the provision of the treatment
plan that led to appellant's criminal conviction. 

 Appellant was convicted under section 841.085 of the Act, which provides that
"[a] person commits an offense if the person violates a requirement imposed under
Section 841.082" of the Act and that "[a]n offense under this section is a felony of the
third degree." Tex. Health & Safety Code Ann. § 841.085 (Vernon 2003). (5) 

Section 841.082 provides,

(a) Before entering an order directing a person's outpatient civil
commitment, the judge shall impose on the person requirements
necessary to ensure the person's compliance with treatment and
supervision and to protect the community. The requirements shall
include:


(1) requiring the person to reside in a Texas residential
facility under contract with the council or at another
location or facility approved by the council;


(2) prohibiting the person's contact with a victim or
potential victim of the person;


(3) prohibiting the person's possession or use of
alcohol, inhalants, or a controlled substance;


(4) requiring the person's participation in and
compliance with a specific course of treatment;


(5) requiring the person to:


(A) submit to tracking under a particular
type of tracking service and to any other
appropriate supervision; and


 (B) refrain from tampering with, altering,
modifying, obstructing, or manipulating
the tracking equipment;


 (6) prohibiting the person from changing the person's
residence without prior authorization from the
judge and from leaving the state without that prior
authorization;


(7) if determined appropriate by the judge,
establishing a child safety zone in the same manner
as a child safety zone is established by a judge
under Section 13B, Article 42.12, Code of
Criminal Procedure, and requiring the person to
comply with requirements related to the safety
zone;


(8) requiring the person to notify the case manager
immediately but in any event within 24 hours of
any change in the person's status that affects
proper treatment and supervision, including a
change in the person's physical health or job status
and including any incarceration of the person; and


(9) any other requirements determined necessary by
the judge.


. . . .


(c) The judge shall provide a copy of the requirements imposed under
Subsection (a) to the person and to the council. The council shall
provide a copy of those requirements to the case manager and to
the service providers.

Id. § 841.082(a), (c) (Vernon 2003). 

 A statute is void for vagueness if it fails to give a person of ordinary
intelligence fair notice that his contemplated conduct is forbidden by the statute or
if the statute encourages arbitrary and erratic arrests and convictions. Cotton v. State,
686 S.W.2d 140, 141 (Tex. Crim. App. 1985); see also In re Commitment of
Browning, 113 S.W.3d 851, 863 (Tex. App.--Austin 2003, pet. denied) ("A statute
is unconstitutionally vague if it either forbids or requires the doing of an act in terms
that require persons of common intelligence to guess at its meaning."). However, a
statute "need not be mathematically precise" and "need only give fair warning, in
light of common understanding and practices." Flores v. State, 33 S.W.3d 907,
920-21 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). 

 Other Texas courts that have addressed similar challenges to the Act have
determined that the Act's requirement "to follow the court's specific orders which are
necessary to ensure compliance with treatment and supervision and to protect the
community is not vague." Beasley v. Molett, 95 S.W.3d 590, 609 (Tex.
App.--Beaumont 2002, pet. denied). Additionally, the Texas Supreme Court has
indicated that the Act is not unconstitutionally vague simply because the Act
authorizes a trial court to tailor a commitment order by imposing other requirements
it deems necessary or because the sexually violent predator must comply with a
treatment plan that can be developed to address the sexually violent predator's
individual circumstances. See In re Commitment of Fisher, 164 S.W.3d 637, 655
(Tex. 2005) (rejecting facial vagueness challenge and noting that "the Act gives the
trial court leeway to fashion restrictions tailored to the particular [sexually violent
predator] facing commitment"). Thus, even though the Act permits some discretion
in tailoring a commitment order for the individual predator, the Act is not vague in
its specific requirements. See In re Commitment of Browning, 113 S.W.3d at 864; see
also Beasley, 95 S.W.3d at 609 ("[T]hat different judges might establish different
specific requirements does not render those requirements necessarily vague after they
are issued and subject to compliance."); In re Commitment of Mullens, 92 S.W.3d
881, 888 (Tex. App.--Beaumont 2002, no pet.) ("We are not persuaded that the
statute is unconstitutionally vague because it requires the trial judge to set out the
commitment requirements in the order, or because it allows the trial judge to delegate
authority to, among others, the Interagency Council on Sex Offender Treatment (to
provide the necessary and appropriate treatment)."). As the Austin Court of Appeals
has stated, the fact that the Act permits a trial court to allow professionals to
determine a specific course of treatment does not render the statute unconstitutionally
vague. In re Commitment of Browning, 113 S.W.3d at 864. We hold that the Act,
and the order drafted pursuant to the express terms of section 841.082, are not
unconstitutional for vagueness or overbreadth.

 To the extent appellant is asserting that particular provisions in his treatment
plan are unconstitutionally vague, such a challenge "is not that the statute is
unconstitutional on its face, but rather that the statute as applied to [appellant] via the
conditions of his commitment contract--is unconstitutionally vague." In re
Committment of Fisher, 164 S.W.3d at 656. Here, the court's order plainly stated that
appellant was required to participate in a specific course of treatment, which was to
be determined and approved by the Interagency Council. The order further stated that
the violation of a commitment requirement or any element of the treatment plan
would result in appellant being charged with a third-degree felony. Once the court
set forth this requirement in its order, along with the other requirements, appellant
"had specific notice of what was required" of him. In re Commitment of Browning,
113 S.W.3d at 864; In re Commitment of Mullens, 92 S.W.3d at 888. Although
appellant asserts that the statute and order contain undefined legal terms, and that a
person of ordinary intelligence could not know what conduct would cause a violation,
we note that a statute is not unconstitutionally vague merely because its terms are not
specifically defined. See Morgan v. State, 557 S.W.2d 512, 514 (Tex. Crim. App.
1977); In re Commitment of Browning, 113 S.W.3d at 864. When words are not
defined by statute, they are ordinarily given their plain meaning and, if understood
by a person of ordinary intelligence, they are not vague and indefinite. Flores, 33
S.W.3d at 921. 

 Although appellant never identifies a single, specific term in the statute or
order that he contends is vague or unclear, appellant does identify a few specific
provisions in the treatment plan that he contends are vague. For example, appellant
complains of a provision in the treatment plan prohibiting him from traveling to
places "where prostitutes are known to gather" and a provision prohibiting him from
engaging "in anonymous or casual sex." Appellant also complains of a provision that
requires him to explain to a potential sexual partner that he is a sexually violent
predator and that, prior to engaging in sexual contact, his case manager must meet
with his potential sex partner. However, appellant was not convicted on the basis of
violating these provisions, and these provisions have no relevance to his as-applied
challenge. (6) 

 Appellant only makes limited reference to the actual provision of the treatment
plan that he violated, which is the provision prohibiting him from purchasing or
possessing pornographic, obscene, or sexually explicit images. Again, appellant
does not directly assert that the terms used in the particular provision of the treatment
plan, i.e. "pornography," "obscene," or "sexually explicit," are unconstitutionally
vague. Rather, appellant rhetorically asks this Court whether he would be in violation
of the treatment plan if he received "the Sport's Illustrated swim suit edition in the
mail." 

 We agree with the State's contention that appellant failed to preserve his as-applied challenge for our review. In the trial court, appellant failed to make any
argument as to how the specific provision of the treatment plan prohibiting him from
possessing pornography was vague. In re Commitment of Browning, 113 S.W.3d at
864; Tex. R. App. P. 33.1. However, even if appellant had preserved this issue for our
review, we note that appellant was convicted for violating his commitment order after
his treatment team found pornographic images and articles about men molesting
children in appellant's possession and after appellant admitted that he had fantasies
regarding these images, "one in which a sex offender had impregnated a ten-year-old
girl." We conclude that provision four of the treatment plan provided appellant with
specific notice that he was prohibited from possessing the materials with which he
was found and for which possession he was charged. Accordingly, we hold that
provision four was not unconstitutionally vague and that the Act was not arbitrarily
and capriciously applied to appellant. (7) 

 We overrule appellant's sole issue. 

Conclusion


 We affirm the judgment of the trial court.





 


 Davie Wilson

 Justice


Panel consists of Justices Nuchia, Higley, and Wilson. (8) 


Publish. Tex. R. App. P. 47.2(b).















 
1. See Tex. Health & Safety Code Ann. §§ 841.001-147 (Vernon 2003 & Supp.
2005). Appellant was specifically charged with the commission of an offense under
section 841.085. See id. § 841.085 (Vernon 2003). 
2. Section 841.041 of the Act provides that "[i]f a person is referred to the attorney
representing the state under Section 841.023, the attorney may file, in a Montgomery
County district court other than a family district court, a petition alleging that the
person is a sexually violent predator and stating facts sufficient to support the
allegation." Tex. Health & Safety Code Ann. § 841.041(a) (Vernon 2003). 
Appellant was determined to be a sexually violent predator in cause number 00-09-05766-CV, in the 221st District Court of Montgomery County, Texas, the Honorable
P.K. Reiter presiding. A person is a "sexually violent predator" under the Act if the
person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral
abnormality that makes the person likely to engage in a predatory act of sexual
violence." Id. § 841.003(a)(1)-(2) (Vernon 2003). A person is a "repeat sexually
violent offender" under the Act if, among other things, "the person is convicted of
more than one sexually violent offense and a sentence is imposed for at least one of
the offenses." Id. § 841.003(b). A "behavioral abnormality" is defined under the Act
to mean "a congenital or acquired condition that, by affecting a person's emotional
or volitional capacity, predisposes the person to commit a sexually violent offense, to
the extent that the person becomes a menace to the health and safety of another
person." Id. § 841.002(2). The finding that appellant is a sexually violent predator
is not before this Court. Rather, this appeal concerns appellant's criminal conviction
under the Act for violating the terms of his civil commitment.

3. The indictment stated that on February 20, 2004, appellant "unlawfully and knowingly
violate[d] commitment requirements of section 841.082 of the Texas Health & Safety
Code as ordered . . . to wit: [appellant] possessed pornographic images."
4. Appellant also makes a single, unsupported statement in his brief that the charging
instrument is unconstitutional. Because there is no supporting briefing or discussion,
to the extent appellant has attempted to make a specific challenge to the charging
instrument, he has waived that issue for review. See Tex. R. App. P. 38.1(h).
5. Section 841.001 of the Texas Health and Safety Code, which sets forth the legislative
findings on which the Act was enacted, provides:


The legislature finds that a small but extremely dangerous group of
sexually violent predators exists and that those predators have a
behavioral abnormality that is not amenable to traditional mental illness
treatment modalities and that makes the predators likely to engage in
repeated predatory acts of sexual violence. The legislature finds that
the existing involuntary commitment provisions of Subtitle C, Title 7,
are inadequate to address the risk of repeated predatory behavior that
sexually violent predators pose to society. The legislature further finds
that treatment modalities for sexually violent predators are different
from the traditional treatment modalities for persons appropriate for
involuntary commitment under Subtitle C, Title 7. Thus, the legislature
finds that a civil commitment procedure for the long-term supervision
and treatment of sexually violent predators is necessary and in the
interest of the state.


Tex. Health & Safety Code Ann. § 841.001 (Vernon 2003).
6. In In re Commitment of Fisher, the Texas Supreme Court noted, in regard to Fisher's
as-applied challenge, that Fisher did not challenge the specific provisions in his
treatment plan in the trial court. 164 S.W.3d 637, 656 (Tex. 2005). The court stated
that "a claim, including a constitutional claim, must have been asserted in the trial
court in order to be raised on appeal, so that the trial court has the opportunity to rule
on the issue." Id. (citing Tex. R. App. P. 33.1). The court further stated that if the
appellant had challenged the specific provisions of the treatment plan in the trial
court, "it is possible that the trial court would have modified or removed some of the
contract conditions of which he now complains." Id. 
7. Although appellant does not identify a specific term or phrase in provision four which
he contends is unconstitutionally vague, we note that the term "obscene" is defined
in the Penal Code to include, among other things, material that "the average person,
applying contemporary community standards, would find that taken as a whole
appeals to the prurient interest in sex" and that depicts or describes "patently offensive
representations or descriptions of ultimate sexual acts, normal or perverted, . . .
including sexual intercourse [and] sodomy." See Tex. Pen. Code Ann. § 43.21(a)(1)
(Vernon 2003). 
8. The Honorable Davie Wilson, retired Justice, Court of Appeals, First District of Texas
at Houston, sitting by assignment.