**Donald Jewell ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44868.**

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 3, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault. Punishment was assessed by a jury at life imprisonment.

The record reflects that, after the jury had been selected, appellant entered a plea of not guilty in open court. A hearing was held, out of the presence of the jury, on certain defense motions. At the close of the hearing, the trial court ruled adversely to appellant. The next morning, appellant elected to change his plea from "not guilty" to "guilty". The admonishment by the court of the consequences of such plea and the acceptance of the plea were had out of the presence of the jury. The jury was then brought back into the courtroom, and appellant entered a plea of guilty in their presence.

Appellant now complains of the admission into evidence of his oral confession and of the failure of the trial court to instruct the jury as to the voluntariness of that confession.

A plea of guilty to a felony charge before a jury admits all facts necessary to establish guilt. In such cases, the introduction of evidence is to aid the jury in assessing punishment. e. g. Maldonado v. State, Tex.Cr.App., 467 S.W.2d 468; Durham v. State, Tex.Cr.App., 466 S.W. 2d 758; Swanson v. State, Tex.Cr.App., 447 S.W.2d 942; Miller v. State, Tex.Cr. App., 412 S.W.2d 650.

Appellant also complains that "[t]he trial court erred when it overruled appellant's objection to jury argument of the prosecution as follows:

'Please don't put him out on the streets of this country again, put him where he

should be for as long as the law permits, you owe that to the country.' "

The record reflects that the objection to this argument was sustained and the jury was instructed to disregard it. Therefore, the error, if any was cured by the court's instruction, e. g. Wrenn v. State, Tex.Cr. App., 478 S.W.2d 98; Dunlap v. State, Tex.Cr.App., 477 S.W.2d 605; Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

There being no reversible error, the judgment is affirmed.