Danny BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46091.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Wardlaw, Cochran, Neal & Brady by A. L. Wardlaw, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., L. T. Wilson, Bill A. Leonard and J. J. Heinmann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The offense is the sale of marihuana; the punishment, eleven years. Appellant pled guilty before a jury.

Two grounds of error are alleged.

Appellant first argues that error was committed when one of the State's witnesses, an undercover police officer, was permitted to testify concerning an alleged sale of marihuana to him by appellant, which took place approximately ten days before the sale for which appellant was indicted. Appellant contends that admission of this extraneous offense prejudiced the jury.

Initially, we must note that appellant pled guilty before a jury. As this Court has stated many times, a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them

touching the penalty to be assessed. Thus, a plea of guilty before a jury voluntarily and understandingly made is conclusive as to the defendant's guilt and waives all non-jurisdictional defects including claimed deprivation of federal constitutional due process. Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968); White v. State, 475 S.W.2d 927 (Tex.Cr.App.1972).

In anticipation of appellant's argument that, nevertheless, when the State introduced the extraneous offense, the jury was deprived of intelligently exercising their discretionary powers, we refer him to the record.

 At the penalty stage [1] of the trial, appellant took the stand and testified, on cross-examination:

"Q Danny, you not only made this sale on the 14th but you made a sale to this officer as he testified. You told him on direct—on the trial on guilt or innocence that you made *another sale to him on the 4th*, is that correct?

"A Yes, sir."

No objection was made to this testimony. Therefore, the appellant having voluntarily taken the stand at the penalty stage and testified himself to the extraneous offense cannot now be heard to complain of the State's witness testifying to the same thing. Sheridan v. State, 485 S.W.2d 920 (Tex.Cr.App.1972); Richardson v. State, 458 S.W.2d 665 (Tex.Cr.App.1970); Evans v. State, 480 S.W.2d 387 (Tex.Cr.App. 1972). Appellant's first ground of error is without merit.

Appellant next complains of an alleged error after the jury retired to deliberate on the issue of punishment. The record reflects the following:

"(WHEREUPON, the Jury retires to the Jury Room to commence their deliberations on punishment.)

(WHEREUPON, the Jury is seated in the Jury Box and the following proceedings are had in the presence of the Jury.)

"THE COURT: Have you reached a verdict, Mr. Foreman?

"THE FOREMAN: Yes, sir.

"THE COURT: Okay, thank you, sir. I will read it. You all will have to fill out the second form. So, retire back to the Jury Room and complete the second part of the—

"THE FOREMAN: I'll take it back.

"THE COURT: All right, have you finished that, Mr. Foreman?

"THE FOREMAN: Yes, sir.

"THE COURT: Okay, thank you. I'll read your verdict, ladies and gentlemen. 'We, the Jury, having found the Defendant guilty of the offense of unlawful sale of narcotic drugs, to-wit: marijuana, assess his punishment at confinement in the penitentiary for eleven years.' And it's signed by Mr. Mann, the foreman. And, the Jury does not recommend that the sentence be suspended and that he be placed on probation. Is that the verdict of each and every one of you? If it is, hold up your right hand. Okay, let the record show that the verdict is unanimous."

Appellant alleges that "the foreman of the jury retired alone and later returned the verdict himself, based upon such oral instructions." Such a contention is wholly unsubstantiated. The above-quoted portion of the record indicates that the entire jury

[1]. Where, as here, there is a plea of guilty before the jury, there is no reason for a separate trial as to punishment. Thomas v. State, 477 S.W.2d 881 (Tex.Cr.App. 1972); Ring v. State, 450 S.W.2d 85 (Tex.Cr.App.1970); Rojas v. State, 404 S.W.2d 30 (Tex.Cr.App.1966). For an acceptable charge to use in a plea of guilty case, see Vol. 8, Willson's Texas Criminal Forms, § 3454 (1966).

was present to hear the judge's instructions and that the verdict was unanimous.

■ Finally, appellant contends that the instruction from the judge to the jury should have been in writing, and refers this Court to Article 36.27, Vernon's Ann. C.C.P. We note, however, that in the present case, the record reflects that the entire jury was present as well as appellant and counsel when the judge gave the instruction. The record indicates no objection by appellant at the time the oral instruction was given.

There being no reversible error, the judgment is affirmed.