**Dick MEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50949.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

John E. Rapier (Court-Appointed on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Les Eubanks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, two years.

Appellant pled guilty and entered into a written agreement to stipulate. On appeal appellant contends that his judicial confes-

1. Art. 1410, supra, reads as follows:
   " 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him,

sion was insufficient because it failed to recite that the appellant intended to appropriate the stolen property to the use and benefit of the appellant. The written stipulation, which appellant testified was substantially true and correct, contains no recitation of appellant's intent to appropriate, which is an essential element of the offense denounced by Art. 1410, V.A.P.C.[1]

The evidence is insufficient to support the conviction. *Martin v. State*, Tex.Cr. App., 491 S.W.2d 421.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

without his consent, with intent to deprive the owner of the value of the same, and *to appropriate it to the use or benefit of the person taking*." (Emphasis added)