Michael Luther YORK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57953–57960.

Court of Criminal Appeals of Texas, Panel No. 1.

June 14, 1978.

Larry M. Cunningham, Arlington, for appellant.

Henry Wade, Dist. Atty., J. T. Langford, James D. Burnham, and Reed Prospere, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appellant brings these appeals from eight convictions for burglary of a habitation. On January 25, 1977, in cause numbers F–76–6974QK, F–77–431K, F–77–432K and F–77–433K (our cause numbers 57,953; 57,955; 57,956 and 57,957), appellant entered pleas of guilty before a jury, which assessed his punishment at seventeen years in the Texas Department of Corrections in each case.

On February 10, 1977, appellant entered pleas of guilty before the trial court in cause numbers F–76–10381 HK, F–77–908K, F–77–909K and F–77–910K (our cause numbers 57,954; 57,958; 57,959 and 57,960). His punishment was assessed by the court at seventeen years confinement. All sentences were to run concurrently.

Appellant urges three grounds of error. In his first ground of error, he contends that there was fundamental error in the court's charge to the jury during the January 25th hearing before the jury on punishment. He contends that since the jury was not charged that it should not assess appellant's punishment by lot, or by averaging the total number of years suggested by each juror, the charge was fundamentally erroneous and he was thereby deprived of due process and equal protection. This contention is without merit.

Appellant did not object to this omission in the charge as required by Article 36.14, Vernon's Ann.C.C.P. Thus, only fundamental error in the court's charge will be considered on appeal. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App. 1974).

This Court may not reverse a conviction for any error or omission in the charge unless such error or omission was "calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Article 36.19, Vernon's Ann.C.C.P.

In the instant case, appellant complains of the omission of an admonitory instruction to the jury. The giving of admonitory instructions by the trial court, in order to guard against jury misconduct,[1] is within the sound discretion of the trial court. *Williams v. State*, 511 S.W.2d 64 (Tex.Cr.App.1974); *Hernandez v. State*, 169 Tex.Cr.R. 418, 334 S.W.2d 299 (1960); see also, *Freeman v. State*, 556 S.W.2d 287 (Tex.Cr.App.1977); *Fitzsimmons v. State*, 471 S.W.2d 858 (Tex.Cr.App.1971). Since the failure of the trial court to give this admonitory instruction was not error, much less fundamental error, appellant's contention is overruled.

Appellant next contends that in his January 25th trial on punishment before the jury the trial court erred in admitting evidence of the circumstances of each of the four offenses to which he pled guilty. The record reflects that each of the four owners of the burglarized premises testified as to how they discovered the burglary, what property was stolen, which items were recovered and the aggregate value of their respective property losses. Appellant asserts in his brief that he objected to the introduction of this evidence; the record reflects no such objection. Therefore, appellant's failure to object waives any complaint as to the admissibility of such evidence. *Stutes v. State*, 530 S.W.2d 309 (Tex.Cr.App.1975); *Cortez v. State*, 520 S.W.2d 764 (Tex.Cr.App.1975).

Further, even had appellant preserved this issue for review, there was no error in the admission of evidence concerning the circumstances of the offenses to which appellant entered pleas of guilty. A plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt; the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them to assess the penalty. *Brown v. State*, 487 S.W.2d 86 (Tex.Cr.App.1972); *Alexander v. State*, 479 S.W.2d 44 (Tex.Cr.App.1972).

The State's right to introduce evidence is not restricted by the entry of a plea of guilty by the defendant, or by his admission of facts sought to be proved; relevant facts admissible under a plea of not guilty are also admissible under a plea of guilty. *Morgan v. State*, 557 S.W.2d 512 (Tex.Cr.App.1977); *Asay v. State*, 456 S.W.2d 903 (Tex.Cr.App.1970). The evidence complained of was clearly admissible at this hearing on punishment. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the evidence is insufficient to sustain his convictions in cause numbers F–76–10381 HK, F–77–908K, F–77–909K and F–77–910K (our cause numbers 57,954; 57,958; 57,959 and 57,960). Appellant entered pleas of guilty to these offenses before the trial court on February 10, 1977. This ground of error is without merit.

In numbers F–76–10381 HK, F–77–908K, and F–77–909K (our cause numbers 57,954; 57,958 and 57,959), the State introduced into evidence signed judicial confessions by appellant, in which he admitted all of the elements of the offenses of burglary of a habitation. These judicial confessions, standing alone, are sufficient to support the convictions. *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977); *Byrom v. State*, 528 S.W.2d 224 (Tex.Cr.App.1975); *Araiza v. State*, 491 S.W.2d 116 (Tex.Cr.App.1973).

In cause number F–77–910K (our cause number 57,960), the State introduced into evidence a judicial confession signed by appellant. However, the confession stated that he,

"did intentionally and knowingly enter a habitation consent of Robert W. Leiske, the owner thereof, with intent to commit theft."

---

1. See Article 40.03(3), Vernon's Ann.C.C.P. (Grounds for New Trial in Felony).

This confession does not admit all of the necessary elements of the offense, since it omits part of the clause "*without the effective* consent [of the owner]." Thus, a necessary element of the offense was not established by this confession. V.T.C.A., Penal Code, Sec. 30.02. The evidence offered to support this conviction is insufficient.

 Appellant's testimony and admissions at the time of offering the guilty plea are also insufficient to prove this element of the offense. Nowhere did he state that the allegations in the indictment were true, *Adam v. State*, 490 S.W.2d 189 (Tex.Cr.App. 1973); *Miles v. State*, 486 S.W.2d 326 (Tex. Cr.App.1972), nor did he admit each element of the offense while testifying. *Spruell v. State*, 491 S.W.2d 115 (Tex.Cr. App.1973). He only admitted that he was guilty as he stated in his confession. Since the confession here did not set out all of the necessary elements of the offense, his affirmation of his confession was not sufficient to prove the necessary elements under Sec. 30.02, V.T.C.A. Penal Code.

Therefore, we conclude that the evidence is insufficient to support the conviction in cause number 57,960. See *Griggs v. State*, 558 S.W.2d 474 (Tex.Cr.App.1977); *Mears v. State*, 529 S.W.2d 78 (Tex.Cr.App. 1975).

The judgments in numbers F–76–6974QK, F–76–10381 HK, F–77–431K, F–77–432K, F–77–433K, F–77–908K, F–77–909K (our cause numbers 57,953; 57,954; 57,955; 57,956; 57,957; 57,958 and 57,959) are affirmed.

The judgment in cause number F–77–910K (our cause number 57,960) is reversed and remanded.