**James R. SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00718–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 15, 1985.

John H. Hagler, Dallas, for appellant.

Wm. Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, GUILLOT and DEVANY, JJ.

DEVANY, Justice.

James R. Scott, appellant, was tried with his co-defendant, Elbert Louis Fowler, who was employed by Frozen Food Express Industries. Fowler wrongfully issued 128 computer generated checks supported by falsified information amounting to $646,000. A double endorsement on the back of these checks enabled Fowler and appellant to steal these funds. Appellant was indicted for theft over $20,000, represented by four of these checks. He pleaded guilty and the jury assessed punishment at 12 1/2 years confinement and a fine of $10,000. The prosecutor introduced the four checks as alleged in the indictment together with the other 124 checks. We are compelled to affirm.

Appellant presents three grounds of error: (1) the 124 checks not alleged in the indictment should not have been admitted; (2) the jury should have been limited in its use of the extraneous theft offenses to determine scheme, design, and intent; and (3) the jury should have been instructed not to consider the extraneous offenses in the assessment of punishment. For the reasons stated below, we are compelled to overrule all of appellant's grounds of error.

■ The appellant was engaged in a scheme to steal funds from the complainant. He pleaded guilty to four specific thefts which were part of the scheme and for which he was indicted. By his plea of guilty it would appear that the elements of the crime were admitted. Nevertheless, the State may still prove the elements of the offense. *York v. State,* 566 S.W.2d 936, 938 (Tex.Cr.App.1978). When the State proceeds to introduce an additional 124 offenses not contained in the indictment, what purpose could the State have for introducing extraneous offenses under a plea of guilty other than to enhance the punishment of the appellant? The State could easily have indicted appellant for all 128 thefts, but instead chose only four of

the thefts. To allow the State to choose a few acts for indictment and then to seek punishment for all of the other acts places the State in the position of being able to ask the jury for punishment for all 128 thefts and then, if it is not satisfied, it can indict the appellant for the other 124 thefts. To demonstrate the intent of the prosecutor, in closing argument he said to the jury: "I'll submit to you that the only proper way to do it is to say for $650,000 theft, you'll be sentenced to the maximum penalty at twenty years ..." This would seem to be clearly improper. Once the indictment is framed and at trial the appellant pleads guilty to the charges contained therein, there should be no need to introduce any evidence other than that which is germane (relevant) to assessing punishment for the crime which the appellant has admitted committing.

In this respect, TEX.CODE CRIM.PROC. ANN. art 37.07 § 3 (Vernon 1981) describes what evidence may be used after a determination of guilt. Subdivision (a) of that section states that the prior criminal record of the defendant which may be admitted for punishment purposes "means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." Since the other 124 checks do not represent final convictions, they do not appear to be admissible for punishment purposes under that statute.

However, in *York v. State,* 566 S.W.2d 936, 938 (Tex.Cr.App.1978), the court said:

A plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt; the introduction of testimony by the state is *to enable the jury to intelligently exercise the discretion which the law vests in them to assess the penalty. Brown v. State,* 487 S.W.2d 86 (Tex.Cr.App. 1972); *Alexander v. State,* 479 S.W.2d 44 (Tex.Cr.App.1972). *The State's right to introduce evidence is not restricted by the entry of a plea of guilty* by the defendant, or by his admission of facts

sought to be proved; relevant facts admissible under a plea of not guilty are also admissible under a plea of guilty. *Morgan v. State,* 557 S.W.2d 512 (Tex.Cr. App.1977); *Asay v. State,* 456 S.W.2d 903 (Tex.Cr.App.1970). (Emphasis added.)

This language clearly states that the State's right to introduce evidence is not restricted by the entry of a plea of guilty. In *Morgan v. State,* 557 S.W.2d 512, 513–14 (Tex.Cr.App.1977), a similar set of facts was reviewed and the court acknowledged the general rule that an accused is entitled to be tried on the accusation in the indictment, but noted the exceptions of scienter and common plan, scheme or design, which permit relevant transactions to show intent or guilty knowledge. Therefore, we must overrule appellant's first ground of error.

■ In *Hoffert v. State,* 623 S.W.2d 141, 145 (Tex.Cr.App.1981), the court stated that it has consistently held "it is not necessary to give a limiting instruction on an extraneous offense which is admitted as part of a transaction which includes the offense on trial." Hence, we overrule appellant's last two grounds of error.

To provide a full understanding of the problems with respect to unadjudicated bad acts, referred to as extraneous offenses, at trial, we note *Plante v. State of Texas,* 692 S.W.2d 487 (Tex.Crim.App.1985), where, at the guilt-innocence phase of the trial, intent was in issue and it was necessary to establish the defendant's state of mind, which was done by introducing extraneous offenses. The extraneous offenses were used to show a course of conduct by defendant to establish from past acts that he had no intent to pay for merchandise he ordered on credit. There, the repeated failures of the defendant, which were the extraneous acts, constituted a scheme which was probative on the issue of intent in the charge against defendant in that case. In *Plante,* the court stressed the true test of extraneous offense admissibility to be: "extraneous transactions constituting offenses shown to have been committed by the accused ... may become admissible

upon a showing ... that the transaction is *relevant* to a *material* issue ... and the relevancy value ... outweighs its inflammatory .. potential." (Emphasis in original.)

In the instant case, although appellant pleaded guilty, it appears under the principle of *York* that the State's right to proceed with the introduction of evidence that could have been introduced on a plea of not guilty was not impeded by the plea of guilty. This is so even though it is obvious from a reading of the record in the instant case that the prosecutor sought *punishment* for all 128 thefts as evidenced by his jury argument which appears to be clearly in violation of Art. 37.07, § 3(a). However, this is an area which must be changed by the Court of Criminal Appeals since we are bound by its decisions. We note that no ground of error is presented concerning the prosecutor's argument in this respect.

Accordingly, we are compelled to affirm.

GUILLOT, J., concurring without opinion.