**Thomas Clifford McGOWAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01357–CR.**

Court of Appeals of Texas, Dallas.

Jan. 14, 1987.

John H. Hagler, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before HOWELL, HOLLINGSWORTH[1] and CARVER[2], JJ.

HOWELL, Justice.

Appellant was convicted by a jury of burglary of a habitation with intent to commit theft; the jury assessed punishment at life imprisonment. Because we find no merit in appellant's four points of error, we affirm the trial court's judgment.

At trial, the complainant testified that upon returning to her apartment shortly before noon on May 7, 1985, she discovered her television on the floor. She was attacked suddenly by a man whom she identified at trial as appellant. He threatened her with a knife, bound her hands, and partially undressed her. The complainant's boyfriend arrived at the front door during the attack. Appellant threatened to kill the complainant if she made any noise. When no one responded to the boyfriend's knocks, he left. Appellant then loaded several of the complainant's possessions into his vehicle, which was parked near the apartment. He then returned to the apartment, raped the complainant, and left.

In his first point of error, appellant asserts that the trial court erroneously admitted testimony that bolstered the complainant's prior identification of appellant. We disagree. The complainant testified at trial that she identified appellant in a photographic lineup. On cross-examination, defense counsel attempted to impeach her identification by questioning her emotional state during the attack and at the time of the photo identification. Thereafter, the State questioned Investigator Corley, who administered the photographic lineup. The investigator testified that he administered the photographic lineup to the complainant, and that appellant's photograph was in the lineup. Although the investigator did not testify that the complainant selected appellant's photograph, appellant argues that that was the obvious import of his testimony. Even if we agreed, the officer's testimony did not constitute reversible bolstering.

The general rule is that, although a witness who has identified her assailant at trial may also testify that she made an extrajudicial identification of the assailant, the State may not bolster her *unimpeached* testimony by corroborating the fact that she did identify him. *Lyons v. State*, 388 S.W.2d 950, 950–51 (Tex.Crim. App.1965). However, third party testimony as to an extrajudicial identification *is admissible* when the witness has been subjected to impeachment cross-examination that questions the accuracy of the identification. *Sledge v. State*, 686 S.W.2d 127, 129 (Tex.Crim.App.1984). Because Investigator Corley's testimony served to corroborate the complainant's identification after defense counsel vigorously attempted to impeach her, we hold that the trial court did not err in admitting the investigator's

1. The Honorable Cynthia Hollingsworth, Justice, Court of Appeals, Fifth District of Texas at Dallas, left the Court at the expiration of her term, prior to the issuance of this opinion.

2. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

testimony. Appellant's first point of error is overruled.

Appellant asserts in his second point of error that during jury argument at the punishment phase, the prosecutor improperly asked the jury to punish appellant for a collateral offense, *viz.*, a rape arising out of the same transaction as the burglary, for which appellant was separately tried. We disagree.

During jury argument, the prosecutor urged the jury to consider the severity of the circumstances surrounding the burglary when assessing a proper punishment for that offense. He told the jury, "Look at [appellant]. You know he is violent, you know what he's done, you know, the rape, the robbery, the burglary. You know, how many does it take? How many women do you have to rape? How many houses do you have to burglarize?" Although the prosecutor did not explicitly ask the jury to assess punishment for the collateral offense, *cf. Brown v. State*, 530 S.W.2d 118, 119 (Tex.Crim.App.1975), that appears to be the implication of his argument.

■ Because a defendant is entitled to be punished for only those accusations in the indictment for which he has been found guilty, the State is not entitled to ask the jury to assess punishment for collateral crimes that may have been admitted in evidence but were not alleged in the indictment. *Klueppel v. State*, 505 S.W.2d 572, 574 (Tex.Crim.App.1974). However, the doctrine of "res gestae" permits the State to elicit testimony concerning the facts and circumstances surrounding the commission of the offense charged. *Lomas v. State*, 707 S.W.2d 566, 568 (Tex.Crim.App.1986); *see also Scott v. State*, 699 S.W.2d 314 (Tex.App.—Dallas 1985, pet. ref'd). Further, the State may ask the jury to consider how these facts and circumstances serve as aggravating circumstances in determining the severity of the punishment for the indicted offense. *Lomas*, 707 S.W.2d at 569. However, the State may not simply point out the existence of a collateral offense and thereby request that the jury assess additional punishment for that collateral offense, because such an argument seeks punishment for an act for which the defendant is not on trial. *Id.* The State may ask the jury to consider the circumstances immediately surrounding the charged offense in assessing punishment only if they show that the collateral offense enhances the gravity of the charged offense and is inextricably connected therewith. *Id.*

■ In this case, the collateral offense was inextricably connected with the charged offense inasmuch as they occurred simultaneously. *Cf. id.* at 570 (reversible error when prosecutor's jury argument invited the jury to punish defendant for collateral crime that occurred three to four months after the charged offense). Moreover, the prosecutor did not request the jury to assess additional punishment for the collateral offense but merely asked the jury to consider the rape as a circumstance immediately surrounding the charged offense. Thus, we hold that the prosecutor's remarks concerning the collateral offense were proper; accordingly, we overrule appellant's second point of error.

■ Appellant's third and fourth points of error present constitutional challenges to the trial court's jury instructions concerning parole law and good time credits, which were mandated in this case by article 37.07, section 4(b) of the Texas Code of Criminal Procedure. Appellant asserts that such instructions violate the separation of powers doctrine and the ex post facto clause of the Texas Constitution. Because we recently have held that the challenged instructions do not suffer the constitutional infirmities alleged by appellant, we overrule appellant's third and fourth points of error. *See Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas, 1986, granted 3–18–87) (separation of powers); *Joslin v. State*, 722 S.W.2d 725 (Tex.App.—Dallas, 1986, granted 4–15–87) (ex post facto). Accordingly, we affirm.