

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00299-CR
_____

SAMUEL ANTHONY CISNEROS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A19256-1209, Honorable Robert W. Kinkaid, Jr., Presiding

June 18, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Presenting two issues, appellant Samuel Anthony Cisneros appeals his sentence of sixty years' confinement in prison for murder.[1] We will affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). With an exception not applicable to this case, the offense of murder is a first degree felony. TEX. PENAL CODE ANN. § 19.02(c) (West 2011). A first degree felony is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and by a fine not to exceed $ 10,000. TEX. PENAL CODE ANN. § 12.32(a),(b) (West 2011).

Background

Because appellant does not challenge the sufficiency of the evidence, we will state only those facts necessary for the disposition of the appeal. Around midnight on April 27, 2012, Jose Perez's pickup truck was parked in the driveway of his home. He and Asuncion Loredo sat on the tailgate drinking beer. Apparently a long-standing dissension existed between the families of Perez and appellant. As appellant walked past, he and Perez exchanged words. Appellant retrieved a 12-guage shotgun from his home and returned to the driveway of the Perez residence. There he shot Perez and Loredo. Loredo's injuries were fatal while Perez recovered. Appellant was indicted for Loredo's murder and the aggravated assault with a deadly weapon of Perez.[2]

Appellant plead guilty to both charges and punishment was tried by jury. During trial, the State offered crime scene and autopsy photographs of Loredo's body. Over appellant's objections, some of the pictures were admitted into evidence. Following the conclusion of evidence, the jury assessed punishment as noted. The judgment includes a deadly weapon finding.

Appellant filed a motion for new trial asserting the jury improperly considered parole in its deliberation. Supporting the motion was the affidavit of appellant's attorney which, in relevant part, provides:

> Defendant suggests that the Jury considered when Parole was going to be afforded to the Defendant as a rational (sic) for compromising on the sentenced (sic) reached. Counsel for Defendant spoke to a Juror who indicated that he was stuck on a certain amount of years, but after

---

[2] The jury assessed punishment for the aggravated assault with a deadly weapon of Perez at two years' confinement in prison. Appellant does not challenge this sentence on appeal.

considering that the Defendant would be eligible for parole after 10 years, by adding another 20, he was persuaded to agree to the additional 20 years.

The motion was overruled by operation of law.

Analysis

By his first issue appellant argues the trial court abused its discretion by failing to conduct a hearing on his motion for new trial.

We review a trial court's decision not to conduct a hearing on a motion for new trial for an abuse of discretion. *Smith v. State,* 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). "Our review, however, is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief." *Id.*

Discussion of parole by the jury during its deliberation is not proper. *Colburn v. State,* 966 S.W.2d 511, 519 (Tex. Crim. App. 1998). However, this impropriety constitutes reversible error only on a showing by the defendant of: (1) a misstatement of the law; (2) asserted as a fact; (3) by one professing knowledge of the law; (4) on which other jurors rely; and (5) who for that reason changed their vote to a harsher punishment. *Sneed v. State,* 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). Satisfying this standard also establishes harm because the fifth prong requires proof that a juror changed his vote to a harsher punishment. *Salazar v. State,* 38 S.W.3d 141, 147 (Tex. Crim. App. 2001); TEX. R. APP. P. 44.2.

In 1998, rule of evidence 606(b) was amended to limit the testimony of a juror, in an inquiry into the validity of a verdict, to two topics: outside influences that affected the

juror's decision or rebutting a claim that the juror was not qualified.[3] *Hines v. State,* 3 S.W.3d 618, 621 (Tex. App.—Texarkana 1999, pet. refused). Both the Supreme Court of Texas and the Court of Criminal Appeals approved the amendment. *Id.* "The limitation on juror testimony in post-trial proceedings is intended to encourage open discussion among jurors during deliberations, to promote the finality of judgments, and to protect jurors from harassment by unhappy litigants seeking grounds for a new trial." *Hicks v. State,* 15 S.W.3d 626, 630 (Tex. App.—Houston [14th Dist.] 2000, pet. refused). As applied by rule 606(b) an "outside influence" is "something originating from a source outside of the jury room and other than from the jurors themselves." *McQuarrie v. State,* 380 S.W.3d 145, 154 (Tex. Crim. App. 2012).

Appellant's motion for new trial reported only that counsel had information from a juror concerning events during deliberation. Relying on *Salazar*, 38 S.W.3d at 147, and *Buentello v. State,* 826 S.W.2d 610 (Tex. Crim. App. 1992), appellant argues his motion should be considered without the limitation on juror testimony imposed by rule 606(b). We disagree. *Buentello* dealt with former rule of criminal evidence 606(b), which

---

[3] Rule of Evidence 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

TEX. R. EVID. 606(b).

contained a broad exception to the limitation on juror testimony.[4] The exception was deleted, however, with the 1998 merger of the civil and criminal rules of evidence. *Id.*

The 1998 amendment to rule 606(b) has caused some courts of appeals to question the continued viability of the five-element *Sneed* analysis, at least in a case lacking evidence that an outside influence improperly came to bear on a juror. *See Melvin v. State,* 2010 Tex. App. LEXIS 2973, at *4 (Tex. App.—Waco Apr. 21, 2010, pet. refused) (noting "*Sneed* is no longer viable in light of Rule 606(b)"); *Hicks,* 15 S.W.3d at 630 ("The 1998 version of Rule 606(b) apparently wipes out *Buentello,* and all of its progeny"); *Hart v. State,* 15 S.W.3d 117, 123 (Tex. App.—Texarkana 2000, pet. refused) (stating that because of the 1998 amendment to rule 606(b), *Buentello* and *Sneed* are abrogated"). But the matter has not yet been addressed expressly by the Court of Criminal Appeals.[5] *Melvin,* 2010 Tex. App. LEXIS 2973, at *4.

The analysis set out in *Sneed* may still have application under proper proof. *See Salazar*, 38 S.W.3d at 147 ("*Sneed* is still good law . . . ."). In any event, however, proof coming through testimony of a juror must be admissible under rule 606(b). *Hicks,* 15 S.W.3d at 630 (explaining that while amended rule 606(b) makes proving jury misconduct more difficult it does not preclude proof of jury misconduct by other means

---

[4] The exception allowed a juror to testify "as to any matter relevant to the validity of the verdict or indictment." *McQuarrie,* 380 S.W.3d at 158 (Keller, P.J., dissenting) (noting the exception "swallowed the rule" limiting juror testimony).

[5] In *Salazar,* decided after rule 606(b) was amended, the court relied on appellate rule 21.3(f) and (g) to apply the *Sneed* factors. But appellate rule 21.3(f) and (g) do not define the scope of juror testimony at a motion for new trial hearing. The court in *Salazar* did not discuss the effect of amended rule 606(b) because the State and the defendant withdrew their objections to juror testimony about discussion of parole laws during deliberation. 38 S.W.3d at 147. Thus the Court of Criminal Appeals considered this evidence in determining whether reversible error occurred. *Id.*

such as by the testimony of a nonjuror having personal knowledge); *cf. White v. State,* 225 S.W.3d 571, 574-575 (Tex. Crim. App. 2007) (citing *Tanner v. United States,* 483 U.S. 107, 127, 107 S. Ct. 2739, 97 L. Ed. 2d 90 (1987)) ("The United States Supreme Court has held that, while juror testimony is barred under Rule 606(b), 'a party may seek to impeach the verdict by non-juror evidence of misconduct'").

Appellant's motion for new trial and affidavit raised a matter not determinable from the record. But the trial court would have been within its discretion to find that the motion did not establish grounds showing appellant could be entitled to relief. *Smith,* 286 S.W.3d at 345. As noted, the substance of counsel's affidavit refers only to proof that would be provided by the testimony of the juror referred to. The affidavit does not mention or even intimate that some outside influence came to bear on a juror, or that proof of any jury misconduct might be possible despite the limitation of rule 606(b). Accordingly, the trial court did not abuse its discretion by not conducting a hearing on appellant's motion for new trial. *See Smith,* 286 S.W.3d at 340 n.23 (stating, "in cases in which one requirement is lacking, the trial judge may still, in his discretion, conduct a hearing before granting or denying the motion. It would never, however, amount to an abuse of discretion *not* to" (emphasis in original)).

We overrule appellant's first issue.

By his second issue appellant argues the trial court abused its discretion by admitting "prejudicial and gruesome" crime scene and autopsy photographs. The photographs are in color, and are 8 1/2 by 11 inches in size.

Appellant objected on grounds of relevance and rule of evidence 403 to photographs from the crime scene marked as State's Exhibits 9, 11, 12, and 13. These photographs, with accompanying explanatory testimony, were introduced through the crime scene investigator. Exhibit nine depicts the area at the rear of Perez's pickup and shows Loredo's legs and lower body resting on the pickup tailgate with four spent shotgun shells scattered on the driveway in the foreground. Testimony indicated Exhibit 12 is a close-up of Exhibit 11, which depicts the Perez house, the pickup in the driveway with Loredo's body lying on the tailgate, and a large container of beer on the driveway. Exhibit 13 depicts the upper part of Loredo's body resting partially on the tailgate and partially in the bed of the pickup. To a degree, each of Loredo's three wounds is visible. Near the body in the pickup bed are a straw hat and several beer cans. The court sustained appellant's objection to exhibit 12 and admitted exhibits 9, 11, and 13.

Appellant objected to the autopsy photographs, marked as State's Exhibits 14 through 17, on the grounds that they were cumulative of the pathologist's testimony, they lacked probative value because appellant plead guilty, and their prejudicial effect "far outweighs" any probative value. Exhibits 14 and 15 show wounds to Loredo's eye and chest respectively. The photograph of Loredo's eye wound is a close-up and his chest is bare in the photograph depicting his chest wound. Exhibit 16, depicts the back of Loredo's head, showing no exit wound. Exhibit 17 is a close-up photograph of a gunshot wound to Loredo's lower left abdomen. A pellet is visible on the "superficial skin." The court overruled appellant's objections and admitted all four photographs. The pathologist testified in some detail regarding each of the autopsy photographs.

7

The decision to admit a photograph is within the discretion of the trial court. *Williams v. State,* 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

Admission of punishment phase evidence is addressed by section 3 of article 37.07 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (West Supp. 2014). "Rule 401 is helpful for determining what evidence should be admitted under Article 37.07, § 3(a), but it is not a perfect fit in the punishment context. . . . Determining what is relevant at the punishment stage is a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Ex parte Lane,* 303 S.W.3d 702, 713 (Tex. Crim. App. 2009) (citation and internal quotation marks omitted). Whether punishment is assessed by the trial judge or the jury, the circumstances of the offense for which the defendant is tried may be considered. *Ewings v. State,* No. 07-08-00132-CR, 2009 Tex. App. LEXIS 1228, at *7 (Tex. App.—Amarillo Feb. 23, 2009, no pet) (mem. op., not designated for publication); TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2014). The introduction of evidence by the State during the punishment phase of trial is not restricted by the entry of a guilty plea by the defendant or an admission of facts sought to be proved by the State. *Ewings,* 2009 Tex. App. LEXIS 1228, at *7 (citing *York v. State,* 566 S.W.2d 936, 938 (Tex. Crim. App. 1978)).

Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or

needless presentation of cumulative evidence." TEX. R. EVID. 403. Following a rule 403 objection, the trial court "must weigh the probativeness of the evidence to see if it is substantially outweighed by its potential for unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence." *Santellan v. State,* 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State,* 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).

A photograph is generally admissible if verbal testimony concerning the matter depicted is admissible. *Gallo v. State,* 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). "When there are two or more pictures that depict the same thing but from different perspectives, the jury can gain information it might not otherwise have when viewing other pictures from other perspectives." *Bacey v. State,* 990 S.W.2d 319, 326 (Tex. App.—Texarkana 1999, pet. refused).

Photographs of the crime scene and autopsy are relevant to show the manner and means of death thus aiding the trier of fact's understanding of the circumstances of death. *See Moreno v. State,* 1 S.W.3d 846, 857 (Tex. App.—Corpus Christi 1999, pet. refused) (autopsy); *Williams,* 958 S.W.2d at 195 (crime scene). Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself. *Williams v. State,* 301 S.W.3d 675, 690 (Tex. Crim. App. 2009). "A trial court does not err merely because it admits into evidence photographs which are gruesome." *Sonnier v. State,* 913 S.W.2d 511, 519 (Tex. Crim. App. 1995); *see Gallo v. State,* 239 S.W.3d 757, 763 (Tex. Crim. App. 2007).

Here, the crime scene and autopsy photographs are probative of the circumstances of Loredo's death. They depict the position of his body at the crime scene and the location and angle of wounds the pathologist observed at the autopsy. Each photograph was discussed in the testimony of the sponsoring witness, but the presentation did not consume a disproportionate amount of trial time. Nothing indicates the crime scene photographs were staged and the autopsy photographs were made before alteration of the body by the procedure. We fail to see how the jury by considering the photographs with the explanatory testimony of their sponsoring witnesses could have been impressed in some irrational, yet indelible way. While unpleasant to view, the photographs are not overly gruesome or gory. Any disturbing attribute of these photographs, moreover, results directly from the injuries caused by appellant. *See Sonnier,* 913 S.W.2d at 519 ("[W]hen the power of the visible evidence emanates from nothing more than what the defendant has himself done we cannot hold that the trial court has abused its discretion merely because it admitted the evidence"); *Harris v. State,* No. AP-76,810, 2014 Tex. Crim. App. Unpub. LEXIS 517 (Tex. Crim. App. May 21, 2014) (citing *Santellan v. State,* 939 S.W.2d 155, 172 (Tex. Crim. App. 1997)) ("If the autopsy photographs simply depict the injuries caused by the defendant's conduct, any gruesomeness cannot be called 'unfairly' prejudicial to the defendant").

We find the trial court acted within its discretion to admit the crime scene and autopsy photographs challenged by appellant. We overrule appellant's second issue and, having overruled both issues, affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

10