

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00431-CR

Crystal B. **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2757C
Honorable Ron Rangel, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: July 26, 2017

AFFIRMED

Appellant Crystal Williams pled guilty before a jury to one of two alternate manner and means of causing serious bodily injury to a child. The jury found Williams guilty, and, following a sentencing hearing, assessed punishment at ninety-nine years' confinement and a $10,000 fine. In a single issue on appeal, Williams asserts her trial attorney was ineffective by allowing her to plead guilty. We affirm.

**BACKGROUND**

Williams's stepson, J.W., was five years old when he died. Williams was charged with one count of causing serious bodily injury to J.W. by two alternate manner and means. Paragraph A of the indictment alleged Williams caused serious bodily harm to J.W. by failing to provide the child with adequate nourishment. Paragraph B of the indictment alleged Williams caused serious bodily harm to J.W. by failing to obtain and provide proper medical care for the child. After the trial court read the indictment to the jury, Williams pled not guilty to Paragraph A, and guilty to Paragraph B. After opening arguments before the jury, trial recessed for the day.

The next day, outside the jury's presence, the trial court admonished Williams on her guilty plea. Williams stated she read the indictment with her attorney; she understood the charges against her and that the range of punishment was five to ninety-nine years or life in the Texas Department of Corrections; she understood she had the right to have the jury hear all the State's evidence; and she elected to have the jury assess punishment. Williams also stated she understood she was not required to plead guilty; no one had forced, pressured, or made promises to her to plead guilty to Paragraph B; the jury could find her guilty based upon her plea alone; and the jury had the entire range of punishment to assess. The trial court then found Williams's plea to be voluntarily and competently made.

After the jury was called into the courtroom, the trial court instructed the jury to find Williams guilty as charged in the indictment under only Paragraph B, which alleged Williams caused serious bodily harm to J.W. by failing to obtain and provide proper medical care for the child. After a four-minute deliberation, the jury returned a unanimous verdict of guilty on Paragraph B. Following the punishment phase of trial, during which several witnesses testified, the jury assessed punishment at ninety-nine years' confinement and a $10,000 fine.

**DISCUSSION**

On appeal, Williams asserts trial counsel's decision to allow her to plead guilty to Paragraph B amounted to deficient representation because the State presented no evidence that any serious bodily harm or death could have been prevented if J.W. had received proper medical care. Williams contends that—but for her guilty plea—the State's evidence would have been legally insufficient to support the jury's verdict.

We review an appellant's claim of ineffective assistance of counsel under the well-established standard of review. *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must first show counsel's performance was deficient, and second, assuming appellant has demonstrated deficient performance, appellant must affirmatively prove prejudice. *Thompson*, 9 S.W.3d at 812. A reviewing court cannot speculate as to the reasons why trial counsel acted as he did, rather a reviewing court must presume the actions were taken as part of a strategic plan for representing the client. *See Young v. State*, 991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999). The appellate record must affirmatively demonstrate the alleged ineffective assistance of counsel. *See Thompson*, 9 S.W.3d at 813. Generally, the trial record will not suffice to establish an ineffective assistance of counsel claim.[1] *Thompson*, 9 S.W.3d at 813-14.

The entirety of Williams's argument that trial counsel was deficient is premised on the following provision of the Texas Code of Criminal Procedure:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that *it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to*

---

[1] Williams did not file a motion for new trial.

*support the same*. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. [Emphasis added.]

TEX. CRIM. PROC. CODE ANN. art. 1.15 (West 2005).

"By its plain terms [article 1.15] requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). According to Williams, the State did not present any evidence, during the guilt-innocence phase of trial, "in addition to, and independent of," her plea to substantiate that she was in fact guilty. Therefore, Williams argues, because the State's evidence was legally insufficient to support the verdict, her attorney's "allowing" her to plead guilty amounted to ineffective assistance of counsel. Williams contends the trial court instructed the jury to find her guilty "based on nothing more than her unsubstantiated plea, despite the mandatory provisions of article 1.15."

However, on appeal, Williams acknowledges article 1.15 does not apply in cases, such as this one, where a jury was the fact-finder. "By its plain language, Article 1.15 applies only to cases in which a jury trial has been waived." *Wright v. State*, 28 S.W.3d 526, 537 (Tex. Crim. App. 2000); *see also Messer v. State*, 729 S.W.2d 694, 699 (Tex. Crim. App. 1986) ("Stipulations, oral or written, in criminal cases where the plea of not guilty is entered before the jury do not have to comply with Article 1.15."); *Lindley v. State*, 736 S.W.2d 267, 275 (Tex. App.—Fort Worth 1987, pet. ref'd, untimely filed) ("[A]rticle 1.15 applies only when the defendant has 'waived his right of trial by jury.'").[2] Despite her acknowledgement that article 1.15 does not apply because

---

[2] Williams suggests this court is free to adopt a rule that article 1.15 applies to cases in which a jury serves as the fact-finder for guilt-innocence. However, we are bound by the precedent of the Court of Criminal Appeals and we have no authority to disregard or overrule its precedent. *See Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd).

she did not waive her right to a jury, and with no further assertions of how counsel was deficient, Williams then argues counsel's deficient advice harmed her by depriving her of the right to seek appellate review of the sufficiency of the evidence in support of the jury's verdict.

A plea of guilty to a felony before a jury admits the existence of all incriminating facts necessary to establish guilt. *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987); *Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984); *Brinson v. State*, 570 S.W.2d 937, 938 (Tex. Crim. App. 1978). Introduction of evidence by the State in a felony case involving a guilty plea before the jury is to enable the jury to intelligently exercise discretion in determining the appropriate punishment. *York v. State*, 566 S.W.2d 936, 938 (Tex. Crim. App. 1978); *Brown v. State*, 487 S.W.2d 86, 86-87 (Tex. Crim. App. 1972); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.14 (West 2009) ("Where a defendant in a [felony] case . . . persists in pleading guilty[,] if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."). Williams asserts her guilty plea to the jury admitted the existence of all incriminating facts necessary to establish her guilt; therefore, she was prejudiced by her attorney's deficient performance because her plea before the jury amounted to a waiver of her right to direct appellate review of the sufficiency of the State's evidence.

Williams's argument on appeal conflates the two prongs of *Strickland*. Williams does not allege counsel should not have advised her to plead guilty. Instead, she relies on article 1.15 to argue deficient performance, despite conceding article 1.15 does not apply to her case. Williams then asserts counsel's deficient performance relieved the State of its burden to prove her guilt beyond a reasonable doubt, thereby prejudicing her ability to seek appellate review of the sufficiency of the State's evidence. On this record, we cannot conclude trial counsel's performance

was deficient because the appellate record does not affirmatively demonstrate the alleged ineffective assistance of counsel. There are many reasons trial counsel may have advised Williams to plead guilty to a jury. "[G]uilty pleas allow the parties to avoid the uncertainties of litigation[ and the] decision to plead guilty . . . may be influenced by factors that have nothing to do with the defendant's guilt." *Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). "The inability to disprove the State's case, the inability to afford counsel, the inability to afford bail, family obligations, the need to return to work, and other considerations may influence a defendant's choice to plead guilty or go to trial." In this case, perhaps counsel believed a jury would reach a more favorable decision on punishment. However, because we can only speculate about trial counsel's reason for advising Williams to plead guilty to a jury rather than to the trial court, the trial record does not suffice to establish an ineffective assistance of counsel claim. *See Thompson*, 9 S.W.3d at 813-14.

Even if we were to find deficient performance, we conclude the second prong of *Strickland* is not satisfied. In the context of determining whether a defendant who has pled guilty was prejudiced by an attorney's deficient advice, we focus "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Ex Parte Torres*, 483 S.W.3d 35, 46 (Tex. Crim. App. 2016) (concluding proper standard for determining prejudice is the one set forth in *Hill*). "The point is not merely semantical or formulaic; the absence [of such an assertion] speaks to a lack of substantive prejudice an applicant must experience to entitle her to relief under this particular claim." *Ex parte Knelsen*, PD-1566-15, 2017 WL 2462329, at *4 (Tex. Crim. App. June 7, 2017) (not designated for publication) ("When this Court adopted the *Hill v. Lockhart*

analysis for involuntary-plea claims as a result of ineffective assistance of counsel, it adopted the exacting pleading burden *Hill* itself embraced.").

In this case, Williams does not assert her guilty plea was involuntary, nor does she assert that, but for counsel's deficient performance, she would have pled not guilty and instead insisted on going to trial or she would have pled guilty but she would have pled to the court instead of to the jury thereby triggering the requirements of article 1.15.

Finally, Williams's assertions of prejudice are entirely speculative. She contends that trial counsel's "errant advice" prevented her from direct appellate review of the sufficiency of the evidence in support of the jury's verdict. She alleges the defensive evidence included her own denial that her failure to obtain medical care caused J.W. serious bodily injury and her board-certified pediatric pathologist expert opined that the cause and manner of death could not be determined to any degree of medical certainty. Williams's argument requires this court to speculate on whether the State would have offered, during the guilt-innocence phase of a trial or at a plea hearing held pursuant to article 1.15, the same or additional evidence as it presented during the punishment phase in this case. Her argument also requires this court to speculate about the quantity and quality of such evidence.

For these reasons, on this record, we conclude Williams has not demonstrated the proceedings would have been different if she had not pled guilty to the jury.

## CONCLUSION

We overrule Williams's issue on appeal and affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish